COLLEEN ADAM, APPELLEE, AND LOREN AND DONNA REIMERS, HUSBAND AND WIFE, ET AL., APPELLANTS, v. THE CITY OF HASTINGS, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

668 N.W.2d 272

Filed September 2, 2003.   No. A-01-1014.

Arthur R. Langvardt, of Langvardt & Valle, P.C., and Mark A. Beck, of Beck Law Office, P.C., for appellants.

Randall L. Goyette and Andrew M. Loudon, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., and Daniel L. Lindstrom, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., for appellee City of Hastings.

HANNON, INBODY, and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Colleen Adam and other plaintiffs filed an action against the City of Hastings, Nebraska (the City), in the district court for Adams County, seeking a declaratory judgment that two city ordinances purporting to annex lands to the City be declared invalid. Adam owns land annexed by ordinance No. 3740. The other plaintiffs (hereinafter Lochland plaintiffs) are landowners and residents within Sanitary Improvement District No. 1 in Adams County, also known as the Lochland Sanitary Improvement District (Lochland SID), annexed by ordinance No. 3718. Adam challenged only ordinance No. 3740, while the Lochland plaintiffs challenged both ordinances. Prior to trial, the City and Adam entered into a settlement agreement, and Adam withdrew from the present action. Following trial upon the Lochland plaintiffs' claims, the district court found that the City had not complied with the statutory annexation procedures when it passed ordinance No. 3718 and declared it void. The district court further found that the Lochland plaintiffs did not have standing to challenge ordinance No. 3740 and dismissed their cause of action as to this ordinance. The Lochland plaintiffs have appealed. For the following reasons, we reverse, and remand for further proceedings.

## BACKGROUND

Adam owns and resides on a 120-acre tract of land located north of the City and abutting the east side of U.S. Highway 281. The Lochland plaintiffs all own and reside on real estate located within the boundaries of the Lochland SID, which abuts the west side of Highway 281 and is located northwest of the property Adam owns. Highway 281 runs in a north-south direction through the City. On September 13, 1999, the City passed resolution No. 1999-39, which stated that the City was considering the annexation of the property Adam owns and certain other adjacent property to the south (collectively the Adam property) and the abutting Highway 281 right-of-way. On October 11, the City adopted resolution No. 1999-42, which stated that the City was considering annexing the Lochland SID together with the abutting Highway 281 right-of-way. On October 13, the City adopted ordinance No. 3711, which annexed the property referred to in resolution No. 1999-39, that is, the Adam property and the abutting Highway 281 right-of-way. For reasons not relevant to our resolution of this appeal, the City ultimately adopted ordinance No. 3740 on May 8, 2000, which re-annexed the Adam property and the abutting highway right-of-way. After a series of postponed public hearings on the proposed annexation of the Lochland SID, the City adopted ordinance No. 3718 on July 24, which annexed the Lochland SID.

On August 3, 2000, the Lochland plaintiffs and Adam filed a petition seeking a declaratory judgment that both ordinance No. 3740 and ordinance No. 3718, and the resulting annexations, were invalid. The City and Adam reached a settlement prior to trial, whereby Adam agreed to withdraw her opposition to the annexation of the Adam property in exchange for various considerations from the City, including guarantees that the Adam property would continue to be zoned as "agricultural." The Lochland plaintiffs continued to trial, challenging both ordinances. The issues at trial were whether the Adam property and the adjacent right-of-way was urban or suburban in character as well as legally contiguous to the City and thus eligible for annexation, whether the Lochland plaintiffs had standing to challenge ordinance No. 3740, whether the Lochland SID was legally contiguous to the City and thus

eligible for annexation, and whether the City followed the required statutory procedures in passing ordinance No. 3718.

Following trial, the district court entered an order on August 10, 2001, declaring ordinance No. 3718 unlawful, void, and of no legal effect. The court permanently enjoined the City from enforcing, implementing, or acting on this ordinance. The court's decision concerning ordinance No. 3718 was based on the City's failure to follow the statutory requirements of Neb. Rev. Stat. § 16-117 (Reissue 1997) in adopting the ordinance.

The district court dismissed the Lochland plaintiffs' cause of action as to ordinance No. 3740 for failure to prove that they had standing to contest that ordinance's validity. The court noted that the Lochland plaintiffs were not asserting that they were residents, tenants, real owners, or electors of the Adam property, and concluded that their interest was not direct. The court further found that the evidence did not show any special injury to the Lochland plaintiffs by virtue of the adoption of ordinance No. 3740. The district court dismissed the Lochland plaintiffs' cause of action as to ordinance No. 3740. The court did not determine whether the lands annexed by ordinance No. 3740 were urban or suburban in character or whether they were contiguous to the City. Having determined that ordinance No. 3718 was void, the district court found that the question of whether the Lochland SID was contiguous was moot. Subsequently, the Lochland plaintiffs perfected their appeal to this court.

## ASSIGNMENT OF ERROR

The Lochland plaintiffs assert, consolidated and restated, that the district court erred in holding that they did not have standing to challenge ordinance No. 3740.

## STANDARD OF REVIEW

■ In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independently of the conclusion reached by the trial court. *Spanish Oaks v. Hy-Vee*, 265 Neb. 133, 655 N.W.2d 390 (2003).

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion

independent of the lower court's decision. *Stoetzel & Sons v. City of Hastings*, 265 Neb. 637, 658 N.W.2d 636 (2003).

## ANALYSIS

*Mootness.*

We first address the City's argument that this appeal is moot because the Lochland plaintiffs are no longer threatened with annexation under ordinance No. 3718. A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Stoetzel & Sons, supra.* A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *Id.*

Clearly, any issues involving the annexation of the Lochland SID are moot because of the declaration that ordinance No. 3718 is invalid. This invalidation was occasioned by the City's failure to follow required statutory procedures in the passage of this ordinance. Nothing in the district court's ruling prevents the City from attempting annexation of the Lochland SID in the future. The reason that the Lochland plaintiffs have continued to pursue their challenge against ordinance No. 3740 is the concern that as a result of the annexation of the Adam property and the abutting highway right-of-way, the Lochland SID and its abutting highway right-of-way arguably become contiguous and therefore subject to future annexation. The City argues, "The mere possibility that a person's own property could be annexed in the future does not provide a real, legal interest in the annexation of other property." Brief for appellee at 8. While it is true that the Lochland plaintiffs are no longer presently threatened with annexation in the instant action as a result of the invalidation of ordinance No. 3718, the validity of ordinance No. 3740 continues to be of interest to the Lochland plaintiffs, particularly if they are barred from asserting their challenge to the annexation of the Adam property and the abutting right-of-way in any future litigation concerning attempted annexation of the Lochland SID. See Neb. Rev. Stat. § 18-1718 (Reissue 1997) (statute of limitations applicable to action challenging annexation of property by any city or village is 1 year from effective date of annexation). Although the issues of mootness and standing are closely related,

we conclude that with regard to the City's mootness argument, the issue concerning the validity of ordinance No. 3740 continues to exist and the Lochland plaintiffs continue to have an interest in the outcome of the litigation concerning ordinance No. 3740 such that this appeal is not moot.

*Standing.*

██ The Lochland plaintiffs assert that the district court erred in holding that they did not have standing to challenge ordinance No. 3740. Before a party is entitled to invoke a court's jurisdiction, that party must have standing to sue, which involves having some real interest in the cause of action; in other words, to have standing to sue, a plaintiff must have some legal or equitable right, title, or interest in the subject matter of the controversy. *Fitzke v. City of Hastings*, 255 Neb. 46, 582 N.W.2d 301 (1998). The purpose of a standing inquiry is to determine whether one has a legally protected interest or right in the controversy that would benefit by the relief to be granted. *In re Interest of Archie C.*, 250 Neb. 123, 547 N.W.2d 913 (1996). In addition, a party seeking to restrain an act of a municipal body must show some special injury peculiar to himself or herself aside from a general injury to the public. It is not sufficient that the party bringing the suit has merely a general interest common to all members of the public. *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995).

The district court in the present case relied on *SID No. 57, supra*, to determine that the Lochland plaintiffs' interest in opposing ordinance No. 3740 was not direct because the Lochland plaintiffs had not asserted that they were residents, tenants, real owners, or electors of the Adam property. The district court noted the Lochland plaintiffs' argument that if the annexation of the Adam property and the abutting highway right-of-way under ordinance No. 3740 were allowed to stand, it would arguably make their properties contiguous to the City's boundaries and subject to annexation. The court, however, found that the Lochland plaintiffs had not alleged any special injury or harm in this cause of action and that the evidence submitted did not show any such special injury. Accordingly, the court found that the Lochland plaintiffs did not have standing to challenge ordinance No. 3740.

■ The Lochland plaintiffs draw our attention to *Sullivan v. City of Omaha*, 183 Neb. 511, 162 N.W.2d 227 (1968), wherein plaintiffs sought to determine the validity of an ordinance annexing a tract of land abutting Omaha on the southwest. The annexed area included 312 acres of state right-of-way extending along Interstate 80. The plaintiffs did not live in or own any portion of the area being annexed, but they did own property that was approximately 4½ miles from the Omaha city limits prior to the annexation and that fell within the 3-mile zoning area of Omaha after the annexation. On appeal, the Nebraska Supreme Court conceded that the extension of Omaha's 3-mile limit over the plaintiffs' property subjected their property to Omaha's regulatory power in several ways, creating a personal, pecuniary, and legal interest in the annexation ordinance. The court found that the plaintiffs could be considered aggrieved persons when they were included within a zoning area without their consent. The court concluded that this was sufficient to give the plaintiffs standing to maintain an action to determine the legality of the ordinance. The court further held that where a person has a personal, pecuniary, and legal interest which is adversely affected by an annexation ordinance, he or she has standing to contest the validity of the ordinance. *Sullivan, supra.* See, also, *Johnson v. City of Hastings*, 241 Neb. 291, 488 N.W.2d 20 (1992) (finding rural public power district had standing to bring action to enjoin city of first class from enforcing annexation ordinance where district-owned facilities within 2-mile zoning area of city after annexation and area would be taken out of district's service area if annexation was considered valid); Neb. Rev. Stat. § 16-901 (Cum. Supp. 2002) (concerning power of cities of first class to apply zoning authority to unincorporated area 2 miles beyond and adjacent to corporate boundaries).

The Lochland plaintiffs argue, based on the above cases, that if coming within a city's possible zoning jurisdiction is enough to give one a direct legal interest in an annexation, then an annexation of nearby land which facilitates one's own annexation would give an even greater direct interest. Section 16-117(1) provides:

> The corporate limits of a city of the first class shall remain as before, and the mayor and council may by ordinance . . .

at any time include within the corporate limits of such city any contiguous or adjacent lands, lots, tracts, streets, or highways as are urban or suburban in character and in such direction as may be deemed proper. Such grant of power shall not be construed as conferring power upon the mayor and council to extend the limits of a city of the first class over any agricultural lands which are rural in character.

Neb. Rev. Stat. § 16-118 (Reissue 1997) states: "Lands, lots, tracts, streets, or highways shall be deemed contiguous although a stream, embankment, strip, or parcel of land not more than two hundred feet wide lies between the same and the corporate limits." The record in this case reveals that the City is a city of the first class, that the highway right-of-way annexed with the Adam property is greater than 200 feet in width at all points, and that the northwest corner of the right-of-way annexed with the Adam property touches the southeast corner of the Lochland SID. Before annexation of the Adam property and the abutting right-of-way, the Lochland SID was not adjacent or contiguous to the City's corporate limits.

Clearly, private persons usually do not live in or own property on a public highway. The Lochland plaintiffs argue, however, that someone must have standing to challenge highway annexation, and they refer us to *Piester v. City of North Platte*, 198 Neb. 220, 252 N.W.2d 159 (1977). In *Piester*, certain plaintiffs, landowners who would fall within the 2-mile zoning authority of North Platte if the annexation at issue was found valid, challenged the legality of an annexation that included a strip of Interstate 80, the right-of-way of which was in excess of 200 feet in width. The plaintiffs contended that in order to validly annex the strip of Interstate 80 at issue, which annexation was necessary to overcome the requirements of § 16-118, that portion of the Interstate must be considered as urban or suburban in character. The Nebraska Supreme Court agreed and held that the character of a segment of an interstate highway sought to be annexed by a city of the first class is determined by the characteristic of the land immediately adjacent to the segment sought to be annexed. Standing was not a question considered on appeal in *Piester*. The plaintiffs in that case apparently did not live in or own any of the property that was annexed, but

brought suit because the annexation would bring them within the 2-mile zoning authority of North Platte.

*SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995), relied upon by the district court, is distinguishable from the present case. *SID No. 57* involved three separate actions, consolidated on appeal, to enjoin the total annexation of the Chapel Hill community and the partial annexation of Sanitary and Improvement District No. 157 (Skyline Ranches) by the City of Elkhorn in 1994. In the first action, Chapel Hill and two residents therein challenged Elkhorn's annexation of Chapel Hill by an ordinance approved in August 1993. Chapel Hill had shared a common border with Elkhorn via land within Skyline Ranches that had been partially annexed by Elkhorn in March 1984. Neither Chapel Hill nor Skyline Ranches contested the 1984 annexation, and no appeal was taken from that district court proceeding. The statute of limitations to control that annexation ran in the spring of 1985. The district court granted Elkhorn's motion for summary judgment and denied a competing summary judgment motion filed by the appellants. The district court determined that Chapel Hill was contiguous and adjacent to Elkhorn as a matter of law and had been annexed properly. On appeal, the Nebraska Supreme Court noted that Elkhorn was a city of the second class and that the nonrural nature of the land sought to be annexed by Elkhorn was not disputed. The appellants apparently argued that the land connecting Elkhorn and Chapel Hill was an illegal corridor or strip annexation, but the court rejected this argument, noting that while the land connecting Elkhorn and Chapel Hill had an armlike quality, that land had been part of Elkhorn since 1984. The court stated that the appellants' knowledge of and acquiescence in the 1984 annexation notified them that Elkhorn's expansion would permit it to annex land contiguous to those new boundaries in the future. The court noted that the district court order with regard to the 1984 annexation went unchallenged and that the statute of limitations ran. The Supreme Court stated that it would neither disturb an unchallenged court order on which the statute of limitations had run nor accept new argumentation in opposition to a judgment by a court of competent jurisdiction. The Supreme Court upheld the summary judgment granted by the district court in Elkhorn's favor.

The second action at issue in *SID No. 57, supra,* was a challenge to the 1994 partial annexation of additional land within Skyline Ranches. The appellants in that action were Chapel Hill and three residents therein, including the two Chapel Hill residents who had appealed the Chapel Hill annexation. Elkhorn had shared a common border with Skyline Ranches since the March 1984 partial annexation of land within Skyline Ranches. Chapel Hill is adjacent to Skyline Ranches, and in fact, the portion of Skyline Ranches annexed in 1984 was contiguous with Chapel Hill. The district court in this second matter found that three of the appellants, Chapel Hill and two of the Chapel Hill residents, had no standing to contest the validity of the partial annexation of Skyline Ranches. The Nebraska Supreme Court agreed with this determination because neither Chapel Hill nor the two individual appellants were residents, property owners, taxpayers, or electors of Skyline Ranches. The Supreme Court further concluded that the interests of these appellants were not jeopardized or affected directly when Elkhorn attempted the 1994 partial annexation of Skyline Ranches. The fourth appellant in that action resided in Chapel Hill, but owned property in Skyline Ranches. This individual, however, did not demonstrate the existence of any special injury to herself as a result of Elkhorn's partial annexation of Skyline Ranches. Accordingly, the Supreme Court concluded that her claim was without merit because she had presented no justiciable injury to herself.

In the instant case, we are presented with a situation unlike that presented in the first action considered in *SID No. 57 v. City of Elkhorn,* 248 Neb. 486, 536 N.W.2d 56 (1995). In that case, the appellants had acquiesced in and had not challenged the 1984 partial annexation that made the later annexation of the Chapel Hill community possible. On appeal, the Supreme Court refused to consider arguments concerning the validity of the 1984 unchallenged annexation. Although the court did not directly address whether the appellants in the first action considered in *SID No. 57* would have had standing to challenge the 1984 annexation, the opinion suggests that those appellants would have at least had an interest in 1984 to challenge the partial annexation of Skyline Ranches, since such annexation resulted in Chapel Hill's being made contiguous to Elkhorn. Unlike those appellants, the

Lochland plaintiffs have timely challenged the annexation of land via ordinance No. 3740 that could arguably make the later annexation of their own land possible.

The situation in the second action considered in *SID No. 57* is also distinguishable from the present case. In that matter, Chapel Hill already had a boundary contiguous with Elkhorn by virtue of the 1984 annexation, and the 1994 annexation of Chapel Hill had been affirmed. The 1994 annexation of Chapel Hill was made ' possible by the 1984 partial annexation of Skyline Ranches, not by the 1994 partial annexation. In contrast, in the present case, prior to the annexation via ordinance No. 3740 of the Adam property and the abutting right-of-way, the Lochland SID did not have a contiguous boundary with the City. It is this annexation that will arguably make possible the future annexation of the Lochland SID. The Lochland plaintiffs clearly have a direct interest in contesting the validity of ordinance No. 3740. In other words, the Lochland plaintiffs are jeopardized or affected directly by the annexation of the Adam property and the abutting right-of-way.

We conclude that the Lochland plaintiffs have standing as residents of the Lochland SID to challenge ordinance No. 3740. We reverse the district court's finding that the Lochland plaintiffs do not have standing to challenge ordinance No. 3740 and remand the cause for further proceedings to determine the remaining issues with regard to this challenge, that is, whether the Adam property and the adjacent highway right-of-way were urban or suburban in character as well as legally contiguous to the City and thus eligible for annexation.

## CONCLUSION

We reverse the district court's finding that the Lochland plaintiffs do not have standing to challenge ordinance No. 3740 and remand the cause for further proceedings as directed above.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.