2003 WY 146

Elizabeth J. COX; Ann F. King; Douglas A. and Sheryl K. Vanpelt; Thomas W. Cox; William S. Cox; Robert and Geneva "Pat" Weaver; Ronald L. and Barbara M. Browser; Carrie E. Smith; Gilbert D. and Cheryl G. Cordier; and Mark And Rhonda Sutherland, Appellants (Plaintiffs),

v.

CITY OF CHEYENNE, a Wyoming Municipal Corporation; Heartland Development Company; Heartland Home Builders, Inc.; and James O. Woods, individually and as President of Heartland Home Builders, Inc., Appellees (Defendants).

No. 03–33.

Supreme Court of Wyoming.

Nov. 18, 2003.

Representing Appellant: Gay Woodhouse of Gay Woodhouse Law Office; and Andrea L. Richard and Lori L. Brand of Rothgerber, Johnson & Lyons LLP, Cheyenne, WY. Argument by Ms. Woodhouse and Ms. Richard.

Representing Appellee: W. Perry Dray and Nicholas G.J. Healey of Dray, Thomson & Dyekman, P.C., for City of Cheyenne; and Don W. Riske and James R. Salisbury of Riske & Arnold, P.C., Cheyenne, WY for Heartland Development Company, Heartland Homebuilders, Inc., and James O. Woods. Argument by Mr. Dray.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1] Elizabeth J. Cox, Ann F. King, Douglas A. and Sheryl K. Vanpelt, Thomas W. Cox, William S. Cox, Robert and Geneva "Pat" Weaver, Ronald L. and Barbara M. Bowser, Carrie E. Smith, Gilbert D. and Cheryl G. Cordier, and Mark and Rhonda Sutherland (appellants) appeal the district court's order granting dismissal of their declaratory judgment action. The district court determined that appellants lacked the standing to bring a declaratory judgment action challenging the annexation of property west of the existing Cheyenne city limits. In making this determination, the district court concluded that Wyo. Stat. Ann. § 15-1-409(a) (LexisNexis 2003) granted standing to challenge annexation to only two classes of individuals, city residents and the owners of

the property being annexed, thereby impliedly precluding appellants, as adjoining landowners, from challenging the annexation. The district court additionally found that even if appellants had standing, they failed to file their complaint within the ten-day limit provided by § 15-1-409(c), and the action was therefore time barred. We reverse.

***ISSUES***

[¶ 2] Appellants present the following issues on appeal:

I. Whether the district court erred by irrebuttably presuming that the city's annexation ordinance was valid and by disregarding the jurisdictional nature of [appellants'] challenge.

II. Whether 1.5 miles from the city limits is "contiguous with or adjacent to" the city for purposes of Wyo. Stat. § 15-1-402(a)(iv).

III. Whether the city's ordinance No. 3447, purportedly annexing land to the city, is void *ab initio* as a violation of Wyoming statute.

IV. Whether [appellants], as adjoining landowners, have standing to challenge ordinance No. 3447.

V. Whether the court erroneously stripped aggrieved parties' standing to pursue any claims by incorrectly applying Wyo. Stat. § 15-1-409.

VI. Whether the court abused its discretion when it refused to allow [appellants] to amend their complaint to add allegations that the city deprived [appellants] of due process by failing to provide them the notice expressly required by statute.

Appellee, City of Cheyenne (City) phrases the issues as follows:

I. The lower court correctly dismissed Appellants' Complaint pursuant to Wyo. R. Civ. P. 12(b)(6) because Appellants did not have standing to challenge the annexation of the territory popularly known as the Village West subdivision to the city of Cheyenne as a matter of law.

II. The lower court correctly dismissed Appellants' Complaint pursuant to Wyo. R. Civ. P. 12(b)(6) because Appellants did not file their challenge to the annexation of

Village West within the ten (10) day time limit set out by Wyo. Stat. § 15–1–409(c) but instead sued to invalidate the annexation almost ten (10) months after the annexation.

III. The lower court acted within its discretion in denying Appellants' Motion to Amend Complaint.

Appellees Heartland Development Company, Heartland Home Builders, Inc., and James O. Woods, individually and as president of Heartland Home Builders, Inc. (collectively Heartland), state the issues as:

I. Whether the district court correctly determined that [appellants] were not conferred standing to challenge the annexation of Village West to the City of Cheyenne by the applicable statute.

II. Whether the trial court correctly determined that the challenge to the annexation of Village West by [appellants] was untimely and time barred.

III. Whether the remaining issues raised by [appellants] are properly before this court.

### *FACTS*

[¶ 3] On August 13, 2001, the City enacted annexation ordinance No. 3447. The ordinance became effective on August 22, 2001, and annexed real property known as the Village West Subdivision (Village West) located west of Cheyenne on a portion of Section 4, T.13N, R.67W of the 6rth P.M. The annexed property is owned by the Heartland Development Company. This property is 1.5 miles from the nearest city limit. Village West has subsequently been rezoned to medium density residential and is slated for a sizeable housing development.

[¶ 4] The appellants own land adjoining, across the road from, or within ½ mile of the Village West subdivision. None of the appellants own land within the annexed area, and none of the appellants are residents of the city of Cheyenne. On June 11, 2002, appel-

lants brought a declaratory judgment action against the City and Heartland. Appellants sought a declaration that Ordinance No. 3447 is void because it purports to annex land that is not contiguous with or adjacent to the city limits and therefore violates Wyo. Stat. Ann. § 15–1–402(a)(iv) (LexisNexis 2001).[1] Appellants additionally sought a declaration that the annexation statutes are unconstitutional because the statutes deprive individuals of their right to property without due process of law.

[¶ 5] The City and Heartland filed motions to dismiss appellants' complaint pursuant to W.R.C.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim on which relief could be granted. The City and Heartland claimed that appellants lacked standing to sue because they do not meet the standing requirement of Wyo. Stat. Ann. § 15–1–409(a). The City and Heartland further argued that the plain language of § 15–1–409(c) requires that all proceedings to review the City's findings or conclusions must be brought within ten days of the effective date of the annexation ordinance.

[¶ 6] The district court granted the motions to dismiss finding that appellants lacked statutory standing to sue. Additionally, the district court decided that, even if appellants had standing to sue, they had not brought their challenge within ten days as required by § 15–1–409(c) and were thus time barred. After dismissal, on September 6, 2002, appellants moved to amend their complaint to also claim that the City had failed to give proper notice. Appellants appealed on September 18, 2002. On February 10, 2003, the district court entered an order denying appellants' motion to amend their complaint.

### *STANDARD OF REVIEW*

[¶ 7] When reviewing a W.R.C.P. 12(b)(6) motion to dismiss, we focus on the allegations contained in the complaint and

---

1. Wyo. Stat. Ann. § 15–1–402(a)(iv) provides:
 (a) Before any territory is eligible for annexation, the governing body of any city or town at a hearing as provided in W.S. 15–1–405 shall find that:

 . . .
 (iv) The area sought to be annexed is contiguous with or adjacent to the annexing city or town, or the area meets the requirements of W.S. 15–1–407[.]

liberally construe them in the light most favorable to the plaintiff. *Duncan v. Afton, Inc.*, 991 P.2d 739, 742 (Wyo.1999). We will affirm an order of dismissal only when it is certain from the face of the complaint that the plaintiff cannot assert any facts which would entitle him to relief. *Id.* Additionally, "[i]n a de novo review of the threshold question of jurisdiction, 'we examine the policies underlying both the Uniform Declaratory Judgments Act and the doctrine of justiciability to determine if this is a proper case for judicial action.' " *Southwestern Pub. Serv. Co. v. Thunder Basin Coal Co.*, 978 P.2d 1138, 1141 (Wyo.1999) (quoting *Reiman Corp. v. City of Cheyenne*, 838 P.2d 1182, 1185 (Wyo.1992)).

## DISCUSSION

[¶ 8] The district court determined that appellants did not have standing to challenge the annexation. Appellants' challenge to the annexation ordinance came by way of a declaratory judgment action, thus we will begin our analysis with a discussion of declaratory judgments. Wyo. Stat. Ann. § 1–37–103 (LexisNexis 2003) states,

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations.

Appellants seek a determination of the validity of a municipal ordinance and thus fall within the general scope of the declaratory judgments act. However, in order to bring a declaratory judgment action regarding a municipal ordinance, the challenger must also be an "interested" person.

[¶ 9] The "requirement of an 'interest' captures the basic doctrine that there must be a justiciable controversy before relief will be granted." *Barber v. City of Douglas*, 931 P.2d 948, 951 (Wyo.1997). Generically, a justiciable controversy is defined as a controversy fit for judicial resolution. *Reiman Corp. v. City or Cheyenne*, 838 P.2d

1182, 1186 (Wyo.1992). Many doctrines are encompassed within the concept of justiciability including standing, ripeness, and mootness. *Id.* Of significance in this instance is standing. The doctrine of standing focuses on whether a litigant is properly situated to assert an issue for judicial determination. *State ex rel. Bayou Liquors, Inc. v. City of Casper*, 906 P.2d 1046, 1048 (Wyo.1995). A litigant has standing when he has a personal stake in the outcome of the controversy. *Id.*

[¶ 10] The principles of standing, as well as ripeness, mootness, and the other justiciability doctrines are captured in the elements necessary to establish a justiciable controversy under the Uniform Declaratory Judgments Act. These elements are:

1. The parties have existing and genuine, as distinguished from theoretical, rights or interests.

2. The controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument evoking a purely political, administrative, philosophical or academic conclusion.

3. It must be a controversy the judicial determination of which will have the force and effect of a final judgment in law or decree in equity upon the rights, status or other legal relationships of one or more of the real parties in interest, or, wanting these qualities to be of such great and overriding public moment as to constitute the legal equivalent of all of them.

4. The proceedings must be genuinely adversary in character and not a mere disputation, but advanced with sufficient militancy to engender a thorough research and analysis of the major issues.

*Reiman Corp.*, 838 P.2d at 1186 (quoting *Brimmer v. Thomson*, 521 P.2d 574, 578 (Wyo.1974)). Applying these criteria, we conclude that a justiciable controversy does exist in this case.

[¶ 11] Initially, we note that the declaratory judgments act "is founded upon the premise that society is disturbed not only when legal rights are violated, but also when they are placed in serious doubt or uncertainty." *Reiman Corp.*, 838 P.2d at 1185 (citing

Edwin M. Borchard, *The Declaratory Judgment—A Needed Procedural Reform (Part I)*, 28 Yale L.J. 1, 2 (1918)). Therefore, in order to accomplish its purpose, the declaratory judgments act is to be liberally construed and administered. *Barber*, 931 P.2d at 951. In fact, the act itself states, "The Uniform Declaratory Judgments Act is remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to legal relations, and is to be liberally construed and administered." Wyo. Stat. Ann. § 1–37–114 (LexisNexis 2003).

[¶ 12] In effecting the broad purpose of the declaratory judgment action, we have recognized "an interest" in many contexts. See, e.g., *Sinclair Oil Corp. v. Pub. Serv. Comm'n*, 2003 WY 22, 63 P.3d 887 (Wyo. 2003) (potential injury); *Jolley v. State Loan & Inv. Bd.*, 2002 WY 7, 38 P.3d 1073 (Wyo. 2002) (relaxed standing requirements for matters of public importance). For example, we have found that residents of the city had standing to bring a declaratory judgment action challenging the issuance of a liquor license. *State ex rel. Bayou Liquors v. City of Casper*, 906 P.2d at 1050. We noted that residents have a strong interest in seeing compliance with the law. *Id.* The residents in *Bayou Liquors* were "interested" because they sought to ensure that licenses were issued, renewed, or transferred in compliance with the law. *Id.* Such cases indicate our broad interpretation of the purpose of the declaratory judgments act and our recognition of existing and genuine interests in a variety of contexts.

 [¶ 13] In the instant case, appellants have an existing and genuine interest. Appellants allege that they are the owners of land joining, across the road from, or within ½ mile of Village West. The annexation of Village West thus brings appellants' land within one mile of the city limits and under the City's control for purposes of Wyo. Stat. Ann. § 15–1–411 (LexisNexis 2003).[2] Additionally, the City of Cheyenne is a city of the

first class under § 15–3–101 (LexisNexis 2003). See Cheyenne, Wy., City Code, Historical Summary (2002). Thus under § 15–3–202(b)(ii) (LexisNexis 2003) the City may exercise jurisdiction over matters within ½ mile of the corporate city limits should it choose to do so.

[¶ 14] Likewise, although it was in the zoning context, we have found that adjoining landowners have standing to challenge a municipality's actions when those actions will double the density previously permitted on the adjoining land. *Hirschfield v. Board of County Comm'rs*, 944 P.2d 1139, 1143 (Wyo. 1997); *Hoke v. Moyer*, 865 P.2d 624, 628 (Wyo.1993). Village West is slated for the development of as many as 1,500 homes, which will significantly increase the density of the population on the land adjoining appellants' land. We have said that such increases in the density of adjacent property raise a number of perceptible harms for a property owner, such as increased traffic and congestion. *Hirschfield*, at 1143. Additionally, accompanying the increase in density are health and safety concerns. Appellants, in the instant case, allege the same type of harm. If these potential harms present standing to the challenger of a zoning decision, they present no less of an "interest" to the challenger of an annexation ordinance.

[¶ 15] Appellants are "interested" in another manner. That is, the annexation of Village West facilitates the annexation of appellants' land. Prior to the annexation ordinance, appellants were a distance from the city limits and were not adjoining the boundary of the City. Whether appellants were "contiguous with or adjacent to" the annexing city prior to this annexation is a matter of some dispute. The meaning of these terms as used within the annexation statutes is at the heart of this suit and is also currently before this court in other litigation involving some of the same parties. However, the resolution of this dispute is not essential to our present discussion, and we do not intend

---

2. Wyo. Stat. Ann. § 15–1–411 states:
 All territory within one (1) mile of an incorporated city or town, as it now exists or may hereafter be established, is potentially an urban area. No territory within a potential urban area may be incorporated as a city or town unless the governing body of the city or town causing the potential urbanized area to exist, by resolution, approves the proposed incorporation.

this discussion to indicate a determination either way. We do determine, however, that following this annexation, appellants' land is undeniably "contiguous with or adjacent to" the City because appellants now have an adjoining boundary with the City. Hence, the instant annexation indisputably makes the future annexation of appellants' property possible. See *Adam v. City of Hastings*, 12 Neb.App. 98, 668 N.W.2d 272 (2003).

[¶ 16] The unquestionable possibility of future annexation due to a now adjoining boundary with the City presents appellants with an interest in challenging this annexation. Some of appellants engage in rural activities including farming, ranching, and raising livestock which are not permitted by city zoning. Although these uses would be "grandfathered in" should annexation take place, additional restrictions such as continual use to maintain the "grandfather" status create an interest in this annexation. See Wyo. Stat. Ann. § 15-1-410 (LexisNexis 2003). We, therefore, hold that the above-mentioned harms qualify under the broad purpose of the declaratory judgments act as an existing and genuine interest.

[¶ 17] The other elements necessary to establish a justiciable controversy are present as well. A judgment of the court will effectively resolve the controversy, as the annexation will be declared either valid or void. Such a declaration will be a final judgment on the matter and not merely an academic discussion. Furthermore, the parties are clearly adversaries each of whom has already vigorously advocated his position and will undoubtedly continue to do so. Based on the briefs and oral argument to this court, we are quite comfortable stating that each party has advanced his position with "sufficient militancy to engender a thorough research and analysis of the major issues." Therefore, we find that appellants meet the justiciable controversy requirements of the declaratory judgments act.

[¶ 18] The City and Heartland have essentially argued that, even if appellants are "interested" for declaratory judgment purposes, our decision in *Town of Marbleton v. Town of Big Piney*, 719 P.2d 1389 (Wyo. 1986) precludes standing for challenging this annexation. The City and Heartland argue that in *Town of Marbleton* we held that the only parties that have standing to challenge an annexation are those that meet the requirements of Wyo. Stat. Ann. § 15-1-409(a). We disagree with this broad interpretation of our holding in *Town of Marbleton*.

[¶ 19] In *Town of Marbleton* we began our discussion by noting that, in reaching its decision that Marbleton lacked the standing to challenge Big Piney's annexation, the district court explained: "The matter is controlled by statute. The statute sets out who may bring an action and impliedly says who cannot." *Id.* at 1390. We then declared that we agreed with the district court. However, in immediately explaining our agreement with the district court we stated: "Generally, 'municipalities can exercise only those powers which are expressly or impliedly conferred.'" *Id.* (quoting *Coulter v. City of Rawlins*, 662 P.2d 888, 895 (Wyo.1983)). We then briefly discussed the powers of a municipality, noting that a municipality is not granted the right to challenge another municipality's annexation. Later in our discussion, we cited to authority from other jurisdictions regarding a ***town's*** standing to contest an annexation. *Id.* at 1391. Our conclusion stated that we do not necessarily agree that ***municipal*** standing to contest annexations can only be express but that in that case Marbleton showed neither express nor implied standing. *Id.* at 1391. Additionally, we held that Marbleton did not show that its own municipal powers were sufficiently affected by Big Piney's annexation.

[¶ 20] A significant difference between *Town of Marbleton* and the instant case is the characteristics of the party bringing the declaratory judgment action. A municipality has only the rights and powers granted by statute. Individuals are not similarly limited. Individuals have rights and powers independent of those created by statute. Our discussion in *Town of Marbleton* focused on, and was limited to, a municipality's standing to challenge annexation. Beyond the limited nature of our discussion, our statement that "[w]e do not necessarily agree with these courts that municipal standing to contest an-

nexations can only be express" discloses our willingness to consider other sources of standing to challenge an annexation. We, therefore, conclude that *Town of Marbleton* did not decide the issue of whether individuals other than those listed in § 15–1–409(a) have standing to challenge annexation.

[¶ 21] We now address this statutory issue. We do so by interpreting Wyo. Stat. Ann. § 15–1–409 (LexisNexis 2003), which states:

(a) If any landowner in the territory proposed to be annexed or any owner of real property in the annexing city or town, or utility is aggrieved by the acts of the governing body, he may appeal to the district court for a review of the acts or findings thereof.

(b) If the court determines that the action taken was capricious or arbitrary, or if it appears from the evidence that the landowner's right in his property is being unwarrantedly invaded or that the governing body abused its discretion, the court shall declare the annexing ordinance void. If the court determines the action of the governing body was proper and valid, it shall sustain the ordinance.

(c) All proceedings to review the findings and the decisions of the governing body shall be brought within ten (10) days of the effective date of the annexation ordinance, and if not brought within that time are forever barred.

When interpreting statutes, our primary purpose is to determine the legislature's intent. *Parker Land & Cattle Co. v. Wyo. Game & Fish Comm'n,* 845 P.2d 1040, 1044 (Wyo. 1993).

If the language is sufficiently clear, we do not resort to the rules of construction. We apply our general rule that we look to the ordinary and obvious meaning of a statute when the language is unambiguous. If the statute's language is clear and unambiguous, we apply its plain meaning and need not consult the numerous rules of statutory construction.

*Ahlenius v. Board of Prof'l Geologists,* 2 P.3d 1058, 1061 (Wyo.2000).

[¶ 22] We begin our interpretation by noting that the definition of landowner provided in Wyo. Stat. Ann. § 15–1–401(a)(ii) (LexisNexis 2003) includes in some instances those whose land after the annexation would be within ½ mile of the city limits.[3] Section 15–1–401(a)(ii) expressly states that the expanded definition of landowner applies for the purposes of §§ 15–1–402, –404, and –405. Therefore, the expanded definition including those within ½ mile of the city limits after annexation does not apply to § 15–1–409. Accordingly, appellants are not included in § 15–1–409(a) by virtue of the definition of landowner. However, this exclusion does not necessarily mean that appellants are precluded from challenging the validity of the annexation ordinance. The plain language of § 1–37–103 grants the right to pursue declaratory relief to those affected by a municipal ordinance and who are seeking to challenge its validity. As discussed previously, appellants have standing under the declaratory relief act. We therefore must determine whether the legislature intended § 15–1–409 to preclude such declaratory relief.

[¶ 23] Section 15–1–409(a) provides a right of review to those who own property in the territory proposed to be annexed and the owners of real property within the city or town. The plain language of subsection (a) grants this right of review for challenges to the governing body's acts and findings. Subsection (a) contains no express language denying other classes of aggrieved persons the right to bring a declaratory judgment action challenging the validity of the annexing ordinance. The declaratory judgments act was in effect at the time the annexation statute

---

3. Wyo. Stat. Ann. § 15–1–401(a)(ii) provides:

"Landowner" means the owner of real property in the territory proposed to be annexed who in the last calendar year was liable for a property tax thereon or was exempt by law from the payment of taxes on the property. Anyone having a right to purchase land under a written contract is the owner of that land for annexation purposes. For purposes of W.S. 15–1–402, 15–1–404 and 15–1–405 "landowner" shall include persons owning property which, as a result of the proposed annexation would then be brought within one-half (1/2) mile of the corporate limits of a city which has exercised the authority granted under W.S. 15–3–202(b)(ii)[.]

was passed, so we presume the legislature was aware of the act and could have excluded such causes of action had it so desired. See *Rodriguez v. Casey*, 2002 WY 111, ¶ 10, 50 P.3d 323, ¶ 10 (Wyo.2002).

[¶ 24] Notably, the landowners granted a right of review by § 15-1-409 are those who are within the territory to be annexed. These parties do not have to rely on the expanded definition of landowner provided by § 15-1-401 to be entitled to notice of the annexation. These landowners are always entitled to specific notice under § 15-1-402(a)(vi).[4] The landowners within the annexing territory wishing to challenge the governing body's acts and findings would therefore conceivably be aware of and at the public hearing required by Wyo. Stat. Ann. § 15-1-405 (LexisNexis 2001) and situated to appeal the municipality's acts and findings.

[¶ 25] The notice requirements for the landowners of adjoining property, such as the appellants, are not similarly absolute. The notice to these parties depends on whether the City has exercised authority pursuant to § 15-3-202(b)(ii). See Wyo. Stat. Ann. § 15-1-401. The parties in this action provide us with no authority to support the proposition that the City has exercised jurisdiction under § 15-3-202(b)(ii). Our review of the Cheyenne City Code revealed no such action either. It is thus possible that adjoining landowners such as the appellants would not know of the annexation or the public hearing until well after the annexation had become effective.[5]

[¶ 26] Looking to subsection (b) we further see that the review afforded is for abuse of discretion or arbitrariness or capriciousness. Such a review considers, in essence, the merits of the governing body's actions and findings, not the validity of the annexation ordinance. The review afforded also allows for a determination of whether "the landowner's right in his property is being unwarrantedly invaded." Appellants, not being "landowners" under this section, do not have standing to make such a claim. Thus, the only avenue for the protection of their interests is a determination of the validity of the annexation ordinance through a declaratory judgment. Considering the statute as a whole and the context of this right of review following notice and the public hearing, we can see that the legislature's purpose was to present the named parties with an express right of review to challenge the merits of the governing body's findings and decisions.

[¶ 27] We thus find that nothing in § 15-1-409(a) evidences a legislative intent to preclude declaratory judgment actions challenging the validity of an annexation ordinance. Certainly, the only parties entitled to challenge the merits of the governing body's findings and decisions are those listed within § 15-1-409(a). However, other classes of aggrieved individuals may challenge the validity of an annexation ordinance by way of the declaratory judgments act.

[¶ 28] We lastly consider whether appellants timely filed their action. The statute of limitations governing declaratory judgment actions is that "applicable to ordinary actions at law and suits in equity." *Anderson v. Wyoming Dev. Co.*, 60 Wyo. 417, 154 P.2d 318, 337 (Wyo.1944). The statute of limitation for declaratory judgments is found in Wyo. Stat. Ann. § 1-3-102 which provides that civil actions may be brought as prescribed by that chapter unless a different limitation is prescribed by statute in which case that limitation will govern. The statute of limitations prescribed by this chapter is four years. See Wyo. Stat. Ann. § 1-3-105(a)(iv)(C) (LexisNexis 2003).[6]

---

4. Wyo. Stat. Ann. § 15-1-402(a)(vi) (LexisNexis 2001) provides:

> The annexing city or town, not less than twenty (20) business days prior to the public hearing required by W.S. 15-1-405(a), has sent by certified mail to all landowners and affected public utilities within the territory a summary of the proposed annexation report as required under subsection (c) of this section and notice of the time, date and location of the public hearing required by W.S. 15-1-405(a).

5. Wyo. Stat. Ann. § 15-1-405(b) does require general notice of the hearing by way of newspaper. However, it is not the specific notice provided to the landowners within the annexing territory.

6. Wyo. Stat. Ann. § 1-3-105(a)(iv)(C) provides:

> (a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

[¶ 29] The issue is whether the annexation statutes prescribe a different limitation. The City and Heartland argue that § 15–1–409(c) provides such a differing limitation. We do not agree. Subsection (c) must be read with the preceding subsections. It is the individuals challenging the findings and decisions of the governing body by way of subsection (a) that must bring an appeal within ten days. The language of subsection (c), "All proceedings to review the findings and the decisions of the governing body" refers to the language of subsection (a), "he may appeal to the district court for a review of the acts or findings thereof." The ten-day time limit is thus placed on the right of appeal noted in subsection (a).

[¶ 30] The effect of the ten-day provision is merely a condition to exercising the right of review mentioned in subsection (a). Additionally, as noted above, the landowners granted a right of review under this section are those entitled to notice twenty days prior to the public hearing. It is thus not unreasonable to expect them to exercise their right of review within an additional ten days. Others, like appellants, are not guaranteed specific notice and are not granted standing by this specific statute. Applying a ten-day time period to these parties therefore would be unreasonable.

[¶ 31] Furthermore, we think it is inconsistent to say that appellants are not afforded a right of review by § 15–1–409(a), but then hold they are subject to the time limitation of § 15–1–409(c). Subsection (c) contains no express language that it should apply to any other right of action and thus does not provide a statute of limitations to declaratory judgment actions challenging the validity of an annexation ordinance. The declaratory judgment statutes are to be liberally construed to effect their broad purpose. Applying a ten-day time limit to declaratory actions when there is no clear legislative intent to do so thwarts this broad purpose. We therefore hold that aggrieved parties may thus challenge the validity of an annexation ordinance within the statute of limitations applicable to civil actions.

[¶ 32] We additionally mention that Heartland argues that the ten-day time limit must apply to other actions challenging annexation in order to give annexation matters some finality, otherwise the owner of the annexed land would not be safe in the development of his property. Certainly the finality of an annexation is a valid and important concern. However, we note that, in addition to the applicable statute of limitations, the doctrine of laches also applies to declaratory judgment actions. See *Anderson*, 154 P.2d 318. The defense of laches is a form of equitable estoppel based on a[n] unreasonable delay by a party in asserting a right. Laches does not depend on the passage of time alone; the plaintiff must be chargeable with lack of diligence in failing to proceed more promptly. *Campbell County Sch. Dist. v. Catchpole*, 6 P.3d 1275, 1284 (Wyo.2000). Laches will apply when the delay has worked injustice, prejudice, or disadvantage to the defendant. *Id.*

[¶ 33] We have said:

The length of time during which the party neglects the assertion of his rights which must pass in order to show laches varies with the peculiar circumstances of each case, and is not, like the matter of limitations, subject to an arbitrary rule. It is an equitable defense, controlled by equitable considerations, and the lapse of time must be so great, and the relations of the defendant to the rights such, that it would be inequitable to permit the plaintiff to now assert them.

*Hammond v. Hammond*, 14 P.3d 199, 201 (Wyo.2000) (quoting *Anderson*, 154 P.2d at 346). Should an aggrieved party neglect the assertion of his rights for an amount of time that works injustice, prejudice, or disadvantage to the defendant, laches would apply to prevent a later action. The facts of this case do not support a finding of laches because appellants filed their claim within ten months of the effective date of the ordinance at a time when Heartland had taken some initial

---

(iv) Within four (4) years, an action for:
. . .

(C) An injury to the rights of the plaintiff, not arising on contract and not herein enumerated[.]

steps to gain regulatory approval but had not taken any physical action on the property.

[¶ 34] Finally, we decline to consider the validity of this annexation ordinance. The district court dismissed this matter on the issue of standing and, therefore, never addressed the merits of this case. We find it prudent to remand the matter to let the district court consider the merits of the case in the first instance. Additionally, we note that because the case is no longer in a state of dismissal, the district court can consider whether or not to allow appellants to amend their complaint at this point.

## CONCLUSION

[¶ 35] For the above stated reasons, we hold that appellants have standing to bring the declaratory judgment action challenging the annexation ordinance and, therefore, reverse and remand this matter to the district court.