COLLEEN ADAM, APPELLEE, AND LOREN AND DONNA REIMERS,
HUSBAND AND WIFE, ET AL., APPELLANTS, V.
THE CITY OF HASTINGS, NEBRASKA,
A MUNICIPAL CORPORATION, APPELLEE.
676 N.W.2d 710

Filed March 26, 2004.   No. S-01-1014.

Arthur R. Langvardt, of Langvardt & Valle, P.C., and Mark A. Beck, of Beck Law Office, P.C., for appellants.

Randall L. Goyette and Andrew M. Loudon, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., and Daniel L. Lindstrom, of Jacobsen, Orr, Nelson, Wright & Lindstrom, for appellee City of Hastings.

HENDRY, C.J., WRIGHT, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

### NATURE OF CASE

Appellants are landowners and residents in the Lochland Sanitary and Improvement District, located north of Hastings, Nebraska (the Lochland property). The Lochland Sanitary and Improvement District is not a party to this case. In city ordinance No. 3718, the City of Hastings, Nebraska (the City), appellee, purported to annex the Lochland property. In city ordinance No. 3740, the City purported to annex land owned by Colleen Adam and others. U.S. Highway 281 runs north-south in the area in question. The land annexed under ordinance No. 3740 lies to the east of Highway 281. The Lochland property lies to the west of Highway 281. The Lochland property is generally located to the northwest of the land annexed under ordinance No. 3740. A small portion of the Lochland property lies due west of the land annexed under ordinance No. 3740, connected only by Highway 281.

Appellants challenged both ordinances, and Adam challenged ordinance No. 3740 in the district court for Adams County. The district court determined that ordinance No. 3718 was unlawful, void, and of no legal effect, thus rendering the annexation of the Lochland property under ordinance No. 3718 invalid. The district court concluded, however, that appellants lacked standing to challenge ordinance No. 3740.

Appellants appealed the district court's decision concerning ordinance No. 3740. In a published opinion, the Nebraska Court of Appeals determined that appellants had standing to challenge ordinance No. 3740 and reversed the district court's order. *Adam v. City of Hastings*, 12 Neb. App. 98, 668 N.W.2d 272 (2003). The City petitioned for further review, which we granted. We reverse the decision of the Court of Appeals and remand the cause with directions.

## STATEMENT OF FACTS

According to the record, these facts are undisputed: The City is a city of the first class. The Lochland property was within the City's zoning authority throughout these proceedings. The land annexed under ordinance No. 3740 lies to the north and east of the City. Highway 281 runs in a north-south direction along the western edge of the land annexed under ordinance No. 3740. The Lochland property lies north of the City. According to the maps in the record, the land immediately to the south of the Lochland property is not part of the City. Highway 281 runs in a north-south direction along the eastern edge of the Lochland property. The southeasternmost corner of the Lochland property connects to Highway 281 which in turn connects to the north-westernmost corner of the land annexed under ordinance No. 3740. Appellants do not have an economic interest in the land annexed under ordinance No. 3740.

On May 8, 2000, the Hastings City Council passed ordinance No. 3740, by which it annexed within the corporate limits of the City certain property, including the land owned by Adam and others. Ordinance No. 3740 also annexed the highway right-of-way abutting to the west. On July 24, the city council passed ordinance No. 3718, by which it annexed within the corporate limits of the City certain property, including the Lochland property. Ordinance No. 3718 annexed the highway right-of-way abutting the Lochland property to the east. The City enacted these ordinances pursuant to Neb. Rev. Stat. § 16-117(1) (Reissue 1997), which provides, inter alia, as follows:

> The corporate limits of a city of the first class shall remain as before, and the mayor and council may by ordinance . . . at any time include within the corporate limits of such city any contiguous or adjacent lands, lots, tracts, streets, or highways as are urban or suburban in character and in such direction as may be deemed proper. Such grant of power shall not be construed as conferring power upon the mayor and council to extend the limits of a city of the first class over any agricultural lands which are rural in character.

On August 3, 2000, appellants and Adam filed a declaratory action seeking, inter alia, to enjoin implementation of the ordinances. In the first cause of action (Count I) of the petition,

appellants and Adam sought to declare ordinance No. 3740 invalid and to enjoin its enforcement. In the second cause of action (Count II) of the petition, appellants sought to declare ordinance No. 3718 invalid and to enjoin its enforcement. Adam was not a party to Count II of the petition and, therefore, did not challenge ordinance No. 3718. Appellants were parties to both Counts I and II and therefore contested the City's adoption and enforcement of both ordinances Nos. 3740 and 3718.

Prior to trial, Adam and the City entered into a settlement agreement pursuant to which, inter alia, Adam withdrew from the present action and further agreed not to "challenge . . . the annexation of the Colleen Adam property by the City." Thereafter, on July 27, 2001, trial was held on appellants' challenges to ordinances Nos. 3740 and 3718. Three witnesses testified, and 30 exhibits were introduced into evidence.

In an order filed August 10, 2001, the district court granted appellants the relief they sought in Count II of the petition and declared ordinance No. 3718 invalid. The district court determined that the City had failed to comply with the statutory annexation procedures when it passed the ordinance, and the district court permanently enjoined the City from enforcing, implementing, or acting on ordinance No. 3718. The district court's decision concerning ordinance No. 3718 was not challenged by any party and is not at issue in the present appeal. Thus, contrary to the parties' urging on appeal, we need not comment on whether annexation of the Lochland property in the future, pursuant to an ordinance similar to No. 3718 and based on a shared border with land annexed under ordinance No. 3740, would satisfy the contiguity requirements of § 16-117. See *Johnson v. City of Hastings*, 241 Neb. 291, 295, 488 N.W.2d 20, 23 (1992) (discussing § 16-117 and noting that "the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation"). See, also, *Witham v. City of Lincoln*, 125 Neb. 366, 250 N.W. 247 (1933).

With regard to Count I of the petition, the district court determined that appellants did not have standing to challenge ordinance No. 3740 and dismissed Count I of the petition. The district court stated that because appellants were not residents, tenants, real owners, or electors of the land annexed under ordinance No.

3740, they had no direct interest in the annexation. The court further found that appellants had not shown a special injury resulting from the annexation of that land peculiar to themselves.

Appellants appealed the district court's order dismissing their challenge to ordinance No. 3740 to the Court of Appeals. In its published opinion, the Court of Appeals relied on certain remarks of this court found in *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995), and concluded that appellants had standing to challenge the validity of ordinance No. 3740. *Adam v. City of Hastings*, 12 Neb. App. 98, 668 N.W.2d 272 (2003). The Court of Appeals reversed the district court's order and remanded the cause for further proceedings.

The City filed a petition for further review, which we granted. For the reasons stated below, we reverse the decision of the Court of Appeals and remand the cause with directions to affirm the district court's order dismissing appellants' first cause of action challenging ordinance No. 3740.

## ASSIGNMENT OF ERROR

In its petition for further review, the City assigns numerous errors which derive essentially from the City's claim that the Court of Appeals erred in determining that appellants had standing to challenge ordinance No. 3740.

## STANDARDS OF REVIEW

Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court; determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *Crosby v. Luehrs*, 266 Neb. 827, 669 N.W.2d 635 (2003).

## ANALYSIS

In its petition for further review, the City asserts that the Court of Appeals erred when it concluded that appellants had standing to challenge ordinance No. 3740 and reversed the district court's decision which had dismissed Count I of appellants' petition. We agree with the City that appellants do not have standing to challenge ordinance No. 3740 and that the Court of Appeals erred when it concluded to the contrary. We reverse.

■ Standing is the legal or equitable right, title, or interest in the subject matter of the controversy which entitles a party to invoke the jurisdiction of the court. *Crosby v. Luehrs, supra*; *Hradecky v. State*, 264 Neb. 771, 652 N.W.2d 277 (2002). Standing relates to a court's power, that is, jurisdiction, to address the issues presented and serves to identify those disputes which are appropriately resolved through the judicial process. *Governor's Policy Research Office v. KN Energy*, 264 Neb. 924, 652 N.W.2d 865 (2002); *Mutual Group U.S. v. Higgins*, 259 Neb. 616, 611 N.W.2d 404 (2000). Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court. *Governor's Policy Research Office v. KN Energy, supra*; *Miller v. City of Omaha*, 260 Neb. 507, 618 N.W.2d 628 (2000).

■ The purpose of an inquiry as to standing is to determine whether one has a legally protectable interest or right in the controversy that would benefit by the relief to be granted. *Crosby v. Luehrs, supra*; *Hradecky v. State, supra*. In order to have standing, a litigant must assert the litigant's own legal rights and interests and cannot rest his or her claim on the legal rights or interests of third parties. *Id.* The litigant must have some legal or equitable right, title, or interest in the subject of the controversy. See, *Crosby v. Luehrs, supra*; *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002).

■ We have long held that a person who owned or was a voter in the territory sought to be annexed had standing to maintain an action against a municipality to enjoin the enforcement of the ordinance providing for annexation or to have the attempted annexation declared void. *Wagner v. City of Omaha*, 156 Neb. 163, 55 N.W.2d 490 (1952). We have also held that when a person has a personal, pecuniary, and legal interest adversely affected by an annexation ordinance, he or she had standing to contest the validity of the ordinance. *Sullivan v. City of Omaha*, 183 Neb. 511, 162 N.W.2d 227 (1968). We have previously determined that persons who are not residents, property owners, taxpayers, or electors of an annexed area generally do not have standing to challenge the annexation and that "a party seeking to restrain an act of a municipal body [relative to annexation] must show some special injury peculiar to himself aside from a general injury to

the public." *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 495, 536 N.W.2d 56, 64 (1995). In this connection, we have recognized the standing of plaintiffs whose land was outside the annexed area but whose land would fall within the annexing city's zoning authority if the challenged annexation of nonplaintiff land was permitted. See, e.g., *Johnson v. City of Hastings*, 241 Neb. 291, 488 N.W.2d 20 (1992) (involving city of first class where injunction sought); *Piester v. City of North Platte*, 198 Neb. 220, 252 N.W.2d 159 (1977) (involving city of first class); *Sullivan v. City of Omaha, supra* (involving city of metropolitan class where injunction sought).

In the instant case, appellants do not claim to be residents, property owners, taxpayers, or electors of the land annexed under ordinance No. 3740 and the Lochland property was within the City's zoning authority prior to passage of ordinance No. 3740. Further, as pertains to the annexation of the highway right-of-way under ordinance No. 3740 which may include some boundary of the Lochland Sanitary and Improvement District, we note that the Lochland Sanitary and Improvement District is not a party to these proceedings, and, therefore, as the district court observed, appellants cannot claim standing by virtue of some injury to the Lochland Sanitary and Improvement District.

Appellants assert that they have standing because the annexation of the land subject to ordinance No. 3740 could make possible the annexation of the Lochland property by the City at a future date. Appellants claim that because of the proximity of their property to the land annexed under ordinance No. 3740, they are affected directly by the City's annexation of the land subject to ordinance No. 3740.

We are not aware of, and appellants have not directed us to, any decisions of this court wherein this court has determined that owners of property near land subject to an annexation ordinance had standing to challenge that ordinance solely by virtue of their property's proximity to the annexed land and their property's future exposure to annexation. Appellants refer to language in *SID No. 57 v. City of Elkhorn*, 248 Neb. at 492, 536 N.W.2d at 62, in which this court commented that the plaintiff property owners who were challenging a current annexation of certain sanitary and improvement district property had "acquiesce[d]" in

a previous annexation, which annexation arguably caused the plaintiff property owners' land to become contiguous to the earlier annexation and thus exposed to annexation. It was language to this effect in *SID No. 57 v. City of Elkhorn* on which the Court of Appeals relied in concluding that appellants herein had an interest sufficient for standing to challenge ordinance No. 3740. See *Adam v. City of Hastings*, 12 Neb. App. 98, 668 N.W.2d 272 (2003). We observe, however, that on the facts of *SID No. 57 v. City of Elkhorn*, we determined that the plaintiff property owners lacked standing to contest the current annexation ordinance and, in so doing, we confirmed the general rules with regard to standing in annexation cases.

We reaffirm our previous decisions with regard to standing in annexation cases, and to the extent that language in *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995), suggests that proximity to land subject to an annexation ordinance, alone, is sufficient to establish standing upon a plaintiff, that language is specifically disapproved. Accordingly, reliance on such language by the Court of Appeals was misplaced.

We have reviewed the record in the instant case which shows that appellants do not have a personal, pecuniary, and legal interest adversely affected by ordinance No. 3740. They are neither residents, property owners, taxpayers, nor electors of the land annexed under ordinance No. 3740. Appellants have not asserted a special injury. Accordingly, appellants do not have standing to contest ordinance No. 3740.

## CONCLUSION

For the reasons stated above, we reverse the decision of the Court of Appeals and remand the cause with directions to affirm the district court's order dismissing appellants' first cause of action challenging ordinance No. 3740.

REVERSED AND REMANDED WITH DIRECTIONS.

CONNOLLY, J., not participating.