County of Sarpy, Nebraska, appellant, v.
City of Gretna, Nebraska, appellee.
727 N.W.2d 690

Filed February 23, 2007.    No. S-05-748.

Tamra L.W. Madsen and Michael A. Smith, Deputy Sarpy County Attorneys, for appellant.

John K. Green and J. Patrick Green for appellee.

Heavican, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Stephan, J.

This challenge by Sarpy County, Nebraska, to annexation ordinances enacted by the City of Gretna, located within Sarpy County, is before us for the second time. In *County of Sarpy v. City of Gretna*, 267 Neb. 943, 678 N.W.2d 740 (2004), we

concluded that the county had standing to challenge the annexations. We reversed the judgment of dismissal and remanded the cause for further proceedings. Following remand, the district court for Sarpy County conducted a bench trial and found that the annexation ordinances were valid. Sarpy County perfected this timely appeal. Based upon our de novo review of all issues in this equity action, we conclude that the annexation ordinances are invalid because the lands they seek to annex are not contiguous or adjacent to the corporate limits of Gretna, as required by Neb. Rev. Stat. § 17-405.01 (Reissue 1997).

## BACKGROUND

Gretna is a city of the second class located entirely within Sarpy County. On July 3, 2001, the Gretna City Council adopted ordinances Nos. 740 and 741, by which it sought to annex certain lands. Ordinance No. 740 would annex "Nebraska State Highway 6/31 from its intersection with Capehart Road to a point ½ mile from North of Fairview Road in Sarpy County, Nebraska . . . ." Ordinance No. 741 would annex "Nebraska State Highway 370 from its intersection with 204th Street east to the midline of the intersection of 180th Street in Sarpy County, Nebraska . . . ." The "Highway 6/31 R.O.W. [(right-of-way)] Annexation," which is the subject of ordinance No. 740, and the "Highway 370 R.O.W. Annexation," which is the subject of ordinance No. 741, are depicted in the illustration on page 94.

Sarpy County claimed that the annexations were illegal, null, and void because the lands in question were neither "urban or suburban in character" nor "contiguous or adjacent" to the corporate limits of Gretna, as required by § 17-405.01. Sarpy County further alleged that by enacting the ordinances, Gretna sought to unlawfully extend its extraterritorial zoning jurisdiction and usurp the zoning and planning jurisdiction of the county. Sarpy County alleged that it was adequately serving and maintaining the "strips of Highway 6/31 and Highway 370" which Gretna sought to annex. It prayed for an order declaring the annexation ordinances unlawful and void and enjoining their enforcement and for an accounting of various fees collected from the areas of expanded extraterritorial zoning jurisdiction resulting from the annexation ordinances.

A planning consultant for the City of Gretna testified that the property adjacent to the portions of highway which Gretna sought to annex was suburban in character. Asked to opine on the "appropriateness of the Gretna annexations for land use planning and future development," the consultant testified that what he characterized as the "highway annexations" at issue were proper as a "short-term solution" for controlling areas in which Gretna anticipated future growth.

In its judgment of dismissal, the district court found that the annexed areas were "portions of State highways and right-of-ways" and that the areas adjacent to such roadways "were urban and suburban in nature." The court concluded that Gretna "had a valid City interest in the annexation to govern future land use within its zoning jurisdiction." The court found generally in favor of Gretna and against Sarpy County.

## ASSIGNMENT OF ERROR

Sarpy County's sole assignment of error is that the district court erred in entering a judgment in favor of Gretna because the statutory requirements of adjacency and contiguity of lands to be annexed to a city of the second class were not met.

## STANDARD OF REVIEW

An action to determine the validity of an annexation ordinance and enjoin its enforcement sounds in equity. *City of Elkhorn v. City of Omaha*, 272 Neb. 867, 725 N.W.2d 792 (2007); *Cornhusker Pub. Power Dist. v. City of Schuyler*, 269 Neb. 972, 699 N.W.2d 352 (2005); *Swedlund v. City of Hastings*, 243 Neb. 607, 501 N.W.2d 302 (1993). On appeal from an equity action, we decide factual questions de novo on the record and, as to questions of both fact and law, are obligated to reach a conclusion independent of the trial court's determination. *City of Elkhorn v. City of Omaha, supra*; *Cornhusker Pub. Power Dist. v. City of Schuyler, supra*.

## ANALYSIS

The single issue presented in this appeal is whether the two parcels of land which Gretna sought to annex were contiguous or adjacent to its existing corporate limits. Sarpy County also argues in its brief that the annexed tracts were not urban or suburban in character and that Gretna annexed the tracts for revenue purposes only. However, Sarpy County did not assign either of these issues as error. Errors argued but not assigned will not be considered on appeal. *Japp v. Papio-Missouri River NRD*, 271 Neb. 968, 716 N.W.2d 707 (2006).

A municipal corporation such as Gretna has no power to extend or change its boundaries otherwise than as provided by constitutional enactment or as it is empowered by the Legislature by statute to do. See, *Cornhusker Pub. Power Dist. v. City of Schuyler, supra*; *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995), *disapproved on other grounds, Adam v. City of Hastings*, 267 Neb. 641, 676 N.W.2d 710 (2004). The power delegated to municipal corporations to annex territory must be exercised in strict accord with the statute conferring it. *Cornhusker Pub. Power Dist. v. Schuyler, supra*; *SID No. 57 v.*

*City of Elkhorn, supra; Johnson v. City of Hastings,* 241 Neb. 291, 488 N.W.2d 20 (1992). Nebraska cities of the second class are authorized to annex, by ordinance, "any contiguous or adjacent lands, lots, tracts, streets, or highways as are urban or suburban in character, and in such direction as may be deemed proper." § 17-405.01(1). The district court did not specifically find that the tracts in question were contiguous or adjacent to Gretna's corporate limits, but its general finding in favor of Gretna necessarily implies a determination that this statutory requirement was met.

The "contiguous or adjacent" requirement in statutes governing the annexation powers of cities determines how substantial the link between the city and the annexed area must be. See *City of Elkhorn v. City of Omaha, supra.* The terms are used synonymously and interchangeably, and if the territory sought to be annexed is not contiguous to the municipality, the proceedings are without legal effect. *Cornhusker Pub. Power Dist. v. City of Schuyler, supra; SID No. 57 v. City of Elkhorn, supra.* See, also, *Swedlund v. City of Hastings, supra; Johnson v. City of Hastings, supra; Village of Niobrara v. Tichy,* 158 Neb. 517, 63 N.W.2d 867 (1954). Contiguity means that the two connecting boundaries should be substantially adjacent. *Cornhusker Pub. Power Dist. v. City of Schuyler, supra; Swedlund v. City of Hastings, supra; Johnson v. City of Hastings, supra.* See, also, *Village of Niobrara v. Tichy, supra.* Substantial adjacency between a municipality and annexed territory exists when a substantial part of the municipality's boundary is adjacent to a segment of the boundary of the city or village. *City of Elkhorn v. City of Omaha, supra; Cornhusker Pub. Power Dist. v. City of Schuyler, supra; Swedlund v. City of Hastings, supra; Johnson v. City of Hastings, supra.* See, also, *Village of Niobrara v. Tichy, supra; Jones v. City of Chadron,* 156 Neb. 150, 55 N.W.2d 495 (1952).

The lands which Gretna seeks to annex in this case consist of two sections of public highway and adjacent right-of-way extending perpendicularly from the south and east corporate limits of the city. We addressed an attempted annexation of highway in *Johnson v. City of Hastings, supra.* In that case, the city attempted to annex a community college campus which was located approximately three-quarters of a mile east of its corporate limits. To reach the campus, it also annexed a 120-foot-wide strip of a U.S.

highway and right-of-way. Noting the "saucepan" shape of the annexed tract, we held:

> [I]n this case, the City of Hastings is reaching out like a finger, along Highway 6, a 120-foot-wide strip, to the college campus. . . .
>
> We hold that as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation. . . . The requirement of contiguity has not been achieved in this case, since the boundary of the area sought to be annexed is not substantially adjacent to the boundary of the city.

(Citation omitted.) *Id.* at 297, 488 N.W.2d at 24. In reaching this conclusion, we relied in part upon the following principle stated by a noted commentator:

> As applied to annexation of streets or roads projecting beyond the limits of a municipality, "contiguous" has been construed to mean contiguous in the sense of adjacent and parallel to the existing municipal limits. . . . Accordingly, the annexation of a portion of a highway extending beyond the border of a municipality, connected only by the width of the highway as it adjoined the municipal boundary, has been held an invalid "strip" or "corridor" annexation.

2 Eugene McQuillin, The Law of Municipal Corporations § 7.34 at 657-58 (3d ed. 2006).

We again addressed an issue of "strip" or "corridor" annexation in *Cornhusker Pub. Power Dist. v. City of Schuyler*, 269 Neb. 972, 699 N.W.2d 352 (2005). There, a city attempted to annex a large tract of land which was separated from the city by a county industrial area which could not be annexed. In order to reach the target tract, the city also attempted to annex a connecting strip of land approximately 30 feet in width around a portion of the perimeter of the county industrial area. Applying the reasoning of *Johnson v. City of Hastings*, 241 Neb. 291, 488 N.W.2d 20 (1992), we held that the boundary of the land sought to be annexed was not substantially adjacent to the city's existing corporate limits.

Gretna attempts to distinguish these cases by arguing that it did not seek to annex portions of the two highways as a means to reach and annex larger tracts. The record suggests that this may

have occurred in the past along a portion of U.S. Highways 6 and 31 lying north of Capehart Road, but the validity of those annexations is not before us in this case. Using the "saucepan" analogy from *Johnson*, Gretna argues that "it is not the annexation of the handle as such which is unlawful. Only when the pan is at the far end of the handle is there an unlawful annexation." Brief for appellee at 13. We find no merit in this argument. The invalidity of a strip annexation is not based upon the existence of a larger tract at the distal end of the strip, but, rather, upon the lack of substantial adjacency where the proximal end meets the corporate limits of the city. Here, as in *Johnson*, the connecting point consists merely of the width of the highway right-of-way where it meets the municipal boundary. While the shape of a tract does not determine whether it can be lawfully annexed, the lack of substantial adjacency to an existing corporate boundary precludes annexation under § 17-405.01.

It is apparent from the record that Gretna attempted these annexations for the purpose of controlling future growth by enlarging its zoning jurisdiction, which by law extends 1 mile beyond its corporate limits. See Neb. Rev. Stat. § 17-1001 (Cum. Supp. 2006). While a city may have legitimate reasons for using its annexation power to achieve planning and land use control objectives, it must nevertheless exercise that power in strict compliance with the statute by which it is conferred. See, *Cornhusker Pub. Power Dist. v. Schuyler, supra*; *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995), *disapproved on other grounds*, *Adam v. City of Hastings*, 267 Neb. 641, 676 N.W.2d 710 (2004); *Johnson v. City of Hastings, supra*. We conclude that the annexations at issue here are invalid because they do not meet the contiguity or adjacency requirement of § 17-405.01.

## CONCLUSION

For the reasons discussed, ordinances Nos. 740 and 741, passed and approved by the City of Gretna on July 3, 2001, are invalid and void. We reverse the judgment of the district court and remand the cause with directions to enter judgment consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.