IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

NAUTILUS INS. CO. V. CHERAN INVESTMENTS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

NAUTILUS INSURANCE COMPANY, APPELLEE,

V.

CHERAN INVESTMENTS, L.L.C., ET AL., APPELLEES, AND BLASINI, INC., AND RICHARD BRUNO, INDIVIDUALLY AND DOING BUSINESS AS BRUNO INVESTMENTS, APPELLANTS.

Filed May 17, 2016.    No. A-15-447.

Appeal from the District Court for Douglas County: JOSEPH S. TROIA, Judge. Affirmed.

Aaron F. Smeall, of Smith, Gardner & Slusky, L.L.P., for appellants.

Craig A. Knickrehm and Jonathan M. Brown, of Walentine, O'Toole, McQuillan & Gordon, L.L.P., for appellee Pinnacle Bank.

MOORE, Chief Judge, and IRWIN and BISHOP, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Blasini, Inc. and Richard Bruno, doing business as Bruno Investments, appeal from an order of the district court for Douglas County granting summary judgment in favor of Pinnacle Bank. The primary issue on appeal is which party is entitled to insurance proceeds for the destruction of personal property on premises damaged by fire. The district court, in its grant of summary judgment, found that Pinnacle Bank is the proper recipient of the proceeds. For the reasons stated below, we affirm.

### BACKGROUND

This is the second appearance of this case before our court. We previously reversed a grant of summary judgment in favor of Pinnacle Bank, and we remanded the case for further

- 1 -

proceedings. See, *Nautilus Ins. Co. v. Cheran Invs. LLC*, No. A-13-022, 2014 WL 292809 (Neb. Ct. App. January 28, 2014) (*Nautilus I*). The following background is taken, in part, from our previous opinion, and in part, from the record in this appeal.

On November 12, 2008, Cheran Investments, L.L.C. leased real property located in Omaha to Blasini for the purpose of operating a bar. The rental agreement was for a term of 5 years and provided that Blasini was to pay monthly rent to Cheran commencing February 1, 2009. We note that Bruno and Blasini were referred to interchangeably by the parties and the district court throughout the proceedings in this case, although we previously determined that the relationship between the two was not clear from the record. *Nautilus I*.

Blasini entered into a purchase agreement, dated the same day as the rental agreement, with Dr. Nirmal Raj and his wife, doing business as Chola, Inc., to purchase the "business assets" of the bar owned by the couple. Dr. Raj is the managing member of Cheran.

The purchase agreement specified the business assets being sold to Blasini and attached a handwritten ledger listing the business assets and their values, totaling $150,000. The terms of the agreement called for Blasini to pay $50,000 in the first year and the remaining $100,000 over the subsequent 24 months. Raj stated in an affidavit that Blasini and/or Bruno failed to pay the purchase price of $150,000.

On December 8, 2010, Cheran executed a promissory note to Pinnacle Bank in the original principal amount of $379,229.23. The promissory note was signed by Raj and his wife, as "members" of Cheran. The promissory note was secured by a deed of trust conveying Cheran's interest in the real property to Pinnacle as collateral and by a security agreement granting Pinnacle a security interest in "all goods now or in the future affixed or attached to real estate" at the property. The deed of trust and security agreement were both signed by Raj and his wife as "members" of Cheran and the security agreement was also signed by Raj and his wife individually.

On March 28, 2011, a fire damaged the building and personal property at the bar. Subsequent to the fire, on April 11, Cheran provided additional security to Pinnacle to secure the December 8, 2010 promissory note, granting Pinnacle a security interest in all of Cheran's business assets, including equipment, inventory, accounts and other rights to payments, furniture and fixtures, deposit accounts, investment property, instruments, and chattel. This security agreement was signed by Raj and his wife as "members" of Cheran.

Nautilus Insurance Company provided commercial property insurance covering the building and the personal property. On July 8, 2011, Nautilus filed an amended complaint in interpleader with the district court against Cheran, Pinnacle, Blasini, Bruno, and another defendant who is not involved in this appeal, all of whom claimed an interest in the insurance proceeds payable as a result of fire damage to the bar. Nautilus was allowed to deposit the insurance proceeds with the court and was dismissed from the action. The proceeds for the damage to the building were determined to be owed to Pinnacle and are not at issue here. The remaining proceeds for the damage to the personal property are $96,774.10.

Blasini claimed entitlement to the personal property damage proceeds, because it was the owner of the damaged personal property and was also the named insured under the policy with Nautilus. Bruno, doing business as Bruno Investments, also claimed ownership of the personal property. However, Raj claimed he owned the personal property because Blasini and/or Bruno had

failed to pay the purchase price to him under the purchase agreement to buy the business' assets. Pinnacle claimed entitlement to the insurance proceeds under the security agreements securing its loan to Cheran.

On December 10, 2012, the district court granted summary judgment in favor of Pinnacle, finding it was entitled to the insurance proceeds for damage to the business' personal property, and awarded it $96,774.10. The district court concluded that "due to Blasini and Bruno's failure to consummate the purchase agreement" with Cheran, Cheran was the owner of the personal property damaged by the fire. Because Cheran acknowledged Pinnacle's security interest in Cheran's personal property, and per Cheran's consent, the district court awarded $96,774.10 in personal property insurance proceeds to Pinnacle. Blasini and Bruno appealed this order, claiming that the district court erred in granting Pinnacle's summary judgment motion on the basis that they failed to consummate the purchase agreement.

On January 28, 2014, this court filed its memorandum opinion. First, we addressed the primary issue on appeal, the legal effect of the purchase agreement entered into between Raj and Blasini. We found that under Neb. U.C.C. § 2-401, "title" to the personal property passed to Blasini at the time of contracting and therefore, irrespective of whether Blasini paid the purchase price to Raj, Blasini became the owner of the property in the purchase agreement. Thus, we found that the trial court erred in concluding that Raj was the owner of the personal property on the basis that the purchase agreement was not consummated and accordingly, he could not have granted Pinnacle a security interest in such property. *Nautilus I*.

However, we went on to find that the April 11, 2011 security agreement between Raj and Pinnacle included as security all rights Raj had to present or future payments "including, but not limited to, payment for property or services sold, leased, [or] rented . . . . This includes any rights and interests . . . which [Raj] may have by law or agreement against any Account Debtor or obligor . . . ." Accordingly, we determined that "to the extent Dr. Raj was entitled to payments from Blasini on the contract, Pinnacle, under the terms of the security agreement, had the authority to enforce obligations owed under the contract." We noted that in Pinnacle's cross-claim against all the defendants, it asserted that because of its perfected security interest in any and all sums owed by Blasini to Raj, Pinnacle should receive the insurance proceeds. *Nautilus I*.

Because the district court did not make specific findings regarding a breach of contract or what, if any, payments were made by Blasini and/or Bruno to Raj, we concluded that we could not decide the matter on the record before us and we remanded for further proceedings. We further stated:

> To the extent the evidence establishes that Blasini and/or Bruno are obligated to [Raj] for amounts due under the purchase agreement for the personal property at issue as [Raj] and Pinnacle claim, the trial court could direct that the insurance proceeds be paid over to Pinnacle due to its security interest in such proceeds and [Raj's] agreement that such proceeds be paid over to Pinnacle to be applied to his loan.

*Nautilus I*.

Following remand, Blasini and Bruno, collectively, and Pinnacle filed motions for summary judgment. At the hearing, the court received two affidavits from a vice president of

Pinnacle and an affidavit of Raj into evidence. The Pinnacle vice president states that Pinnacle has a perfected security interest in any and all sums due and owing from Blasini to Cheran or Chola, for or on account of the sale of personal property and equipment by Cheran or Chola to Blasini. Raj states that Blasini and/or Bruno have not paid the $150,000 purchase price. Raj's affidavit also states that Pinnacle has a security interest in the contract rights under the purchase agreement and that Raj consents to an order directing payment of the insurance proceeds to Pinnacle to be applied to Raj's secured loan. Blasini and/or Bruno did not offer any evidence to rebut the affidavit of Raj or to show that they have paid Raj any sum of money.

On April 21, 2015, the district court entered its order sustaining Pinnacle's motion for summary judgment and denying the motion of Blasini and Bruno. After quoting language from *Nautilus I*, the district court found that Blasini and Bruno are indebted to Raj and this debt is subject to Pinnacle's security agreement. The court found that Pinnacle is entitled to the $96,774.10 in insurance proceeds plus interest for damage to the business' personal property.

Blasini and Bruno subsequently perfected this appeal.

ASSIGNMENTS OF ERROR

Blasini and Bruno assign, combined and restated, that the district court erred when it (1) found that they owed a financial obligation to Raj, (2) awarded the insurance proceeds to Pinnacle on the basis of this obligation, (3) awarded the proceeds without a finding as to the obligation owed, and (4) failed to find that they were entitled to judgment as a matter of law on the basis of Pinnacle having no claim to the proceeds.

STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *State Farm Fire & Casualty Company v. Dantzler*, 289 Neb. 1, 852 N.W.2d 918 (2014). See, also, *Potter v. Board of Regents of the University of Nebraska*, 287 Neb. 732, 844 N.W.2d 741 (2014); *Gonzalez v. Union Pac. R.R. Co.*, 292 Neb. 281, 872 N.W.2d 579 (2015) (on a motion for summary judgment, the question is not how factual issues are to be decided but whether any real issue of material fact exists). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Rent-A-Roofer v. Farm Bureau Prop. & Cas. Ins. Co.*, 291 Neb. 786, 869 N.W.2d 99 (2015).

ANALYSIS

Both parties argue that the "law-of-the-case doctrine" favors their position on appeal. Under the law-of-the-case doctrine, an appellate court's holdings on questions presented to it in reviewing the trial court's proceedings become the law of the case; those holdings conclusively settle, for that litigation, all matters ruled upon, either expressly or by necessary implication. *Money v. Tyrrell Flowers*, 275 Neb. 602, 748 N.W.2d 49 (2008). See, also, *New Tek Mfg. v. Beehner*, 275 Neb. 951, 751 N.W.2d 135 (2008) (when an appellate court remands a case to an

inferior tribunal, law-of-the-case doctrine prevents that court from taking action inconsistent with judgment of the appellate court); *County of Sarpy v. City of Gretna*, 276 Neb. 520, 755 N.W.2d 376 (2008) (law-of-the-case doctrine applies with greatest force when an appellate court remands a case to an inferior tribunal).

### DISTRICT COURT'S APPLICATION OF PRIOR OPINION

On appeal, Bruno argues that the issue of whether Blasini and/or Bruno owed money to Raj for the purchase of the personal property was not before this court in the first appeal and thus, the law-of-the-case doctrine does not apply in connection with the district court's decision on review in the instant appeal. Bruno asserts that Pinnacle only had a security interest in the assets of Cheran and not the assets of Raj and thus, it was error to direct the proceeds be paid to Pinnacle.

We disagree with Blasini and Bruno's characterization of our prior opinion and we conclude that the district court correctly applied the holdings in our first opinion in determining the matter on remand.

As set forth in detail above, in *Nautilus I*, we found that the April 11, 2011 security agreement between Pinnacle and Raj included all rights Raj had to present or future payments, that to the extent Raj was entitled to payments from Blasini on the contract (purchase agreement), Pinnacle, under the terms of the security agreement, had the authority to enforce obligations owed under the contract, and that on remand, if the evidence shows that Blasini and/or Bruno still owed Raj under the purchase agreement for the personal property at issue, the trial court could direct that the insurance proceeds be paid to Pinnacle due to its security interest.

Thus, contrary to the assertion of Blasini and Bruno, this court previously determined that Pinnacle had a security interest in any sums owed to Raj by Blasini and/or Bruno, and the question to be determined on remand was the amount, if any, owed by Blasini and/or Bruno to Raj under the purchase agreement to which Pinnacle could be entitled. The district court properly followed our opinion and directions by determining whether Blasini and/or Bruno still owed money to Raj under the purchase agreement, and then directing the proceeds be paid accordingly. We find no error in the district court's application of the law of the case from *Nautilus I*.

### GRANT OF SUMMARY JUDGMENT TO PINNACLE

We next determine whether the district court erred in granting summary judgment to Pinnacle. A party makes a prima facie case that it is entitled to summary judgment by offering sufficient evidence that, assuming the evidence went uncontested at trial, would entitle the party to a favorable verdict. *Marshall v. EyeCare Specialties, P.C. of Lincoln*, 291 Neb. 264, 865 N.W.2d 343 (2015). After the movant for summary judgment makes such a prima facie case, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. *Id*.

Viewing the evidence in a light most favorable to Blasini and Bruno, we conclude that the district court properly granted summary judgment in favor of Pinnacle. Pinnacle adduced evidence through the affidavit of Raj that Blasini and/or Bruno have not paid the $150,000 purchase price for the personal property and that this amount is due and owing to Raj. This evidence was sufficient to make a prima facie case that, according to *Nautilus I*, Pinnacle is entitled to the proceeds as a

result of its security interest. The burden then shifted to Blasini and Bruno to rebut this evidence, which they did not do.

Lastly, while Bruno argues otherwise, the district court did make a finding as to the amount of the obligation owed by Blasini and/or Bruno to Raj. The district court noted the evidence that Blasini and Bruno have not paid any portion of the $150,000 and that Blasini and Bruno offered no evidence that they have paid Raj any sum of money. Thus, it is clear from the trial court's order that it determined Blasini and/or Bruno owed the entire purchase price of $150,000. The insurance proceeds were $96,774.10 for damage to the personal property, which is less than the obligation owed to Raj.

The district court correctly granted Pinnacle's motion for summary judgment and denied Blasini and Bruno's motion for summary judgment. The evidence showed no genuine issue as to any material facts; specifically, Blasini and/or Bruno owed the full amount under the purchase agreement to Dr. Raj. On this basis, the court correctly applied the law-of-the-case doctrine in granting Pinnacle the entire insurance proceeds. Pinnacle was entitled to judgment as a matter of law.

Bruno's assignments of error are without merit.

## CONCLUSION

The district court did not err in granting Pinnacle's motion for summary judgment. Viewing the evidence in a light most favorable to Blasini and Bruno, we find no material issue of fact regarding the proper distribution of insurance proceeds. We therefore affirm.

AFFIRMED.