**2006 WY 23**

**BOARD OF TRUSTEES OF FREMONT COUNTY SCHOOL DISTRICT # 25,**
Appellant (Respondent),

v.

**BM, Appellee (Petitioner).**

**No. C–05–6.**

Supreme Court of Wyoming.

March 7, 2006.

Representing Appellant: Joel M. Vincent of Vincent & Vincent, Riverton, Wyoming.

Representing Appellee: R. Daniel Fleck and Emily R. Rankin of The Spence Law Firm, LLC, Jackson, Wyoming.

Before HILL, C.J., and GOLDEN, VOIGT, and BURKE, JJ., and STEBNER, D.J., Retired.

HILL, Chief Justice.

[¶ 1] BM was expelled from Riverton High School by the Board of Trustees of Fremont County School District # 25 for violations of Wyo. Stat. Ann. §§ 21–4–305(a) [1] and 21–4–306(a)(v) [2] (LexisNexis 2005). The expulsion order was suspended subject to a ten-day "in school suspension" and a requirement that he sign and abide by a "Behavior Contract." BM filed a petition of review with the district court, which was reversed. The district court concluded that the Board had failed to comply with the statutory procedural requirements of Wyo. Stat. Ann. § 16–3–107(b)(iv) [3] (LexisNexis 2005), and that there was insufficient evidence to support the Board's determination that BM's conduct constituted a violation of the cited statutes. The Board appeals the district court's judgment. Since the commencement of these proceedings, BM has served his sentence of suspension, complied with the terms of the "Behavior Contract," and graduated from high school. Accordingly, we conclude that the proceedings are moot and dismiss the appeal.

1. **§ 21–4–305. Suspension or expulsion; authority; procedure.**

   (a) The board of trustees of any school district may delegate authority to disciplinarians chosen from the administrative and supervisory staff to suspend any student from school for a period not to exceed ten (10) school days. In addition, the board of trustees shall, subject to the case-by-case modification permitted by this subsection, require the district superintendent to expel from school for a period of one (1) year any student determined to possess, use, transfer, carry or sell a deadly weapon as defined under W.S. 6–1–104(a)(iv) within any school bus as defined by W.S. 31–7–102(a)(xl) or within the boundaries of real property used by the district primarily for the education of students in grades kindergarten through twelve (12). The superintendent with the approval of the board of trustees may modify the period of expulsion on a case-by-case basis based upon the circumstances of the violation. Upon a violation of this subsection and following notice and hearing requirements of this section, the superintendent shall notify the district attorney of the violation together with the specific act in violation of this subsection and the name of the student violating this subsection. Nothing in this subsection prohibits a district from providing educational services to the expelled student in an alternative setting.

2. **§ 21–4–306. Suspension or expulsion; grounds.**

   (a) The following shall be grounds for suspension or expulsion of a child from a public school during the school year:

   . . . .

   (v) Possession, use, transfer, carrying or selling a deadly weapon as defined under W.S. 6–1–104(a)(iv) within any school bus as defined by W.S. 31–7–102(a)(xl) or within the boundaries of real property used by the district primarily for the education of students in grades kindergarten through twelve (12).

3. **§ 16–3–107. Contested cases; general procedure.**

   (a) In any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice served personally or by mail. . . .

   (b) The notice shall include a statement of:

   . . . .

   (iv) A short and plain statement of the matters asserted. If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved, and thereafter upon application a more definite and detailed statement shall be furnished.

## ISSUE

[¶ 2]   The determinative issue on appeal is whether BM's compliance with the terms of his punishment and subsequent graduation from high school has rendered the matter moot.

## DISCUSSION

[¶ 3]   We will dismiss any appeal where we have notice of facts that have the effect of making any determination of a question unnecessary or which would render any judgment we made ineffectual. *Penny v. State ex rel. Wyoming Mental Health Professions Licensing Board*, 2005 WY 117, ¶ 2, 120 P.3d 152, 156–57 (Wyo.2005) (quoting *Department of Revenue and Taxation, Motor Vehicle Division v. Andrews*, 671 P.2d 1239, 1244 (Wyo.1983)).   We have previously noted that when a student's expulsion period has expired, the question regarding its propriety is moot. *In the Interest of RM*, 2004 WY 162, ¶ 8, 102 P.3d 868, 871 (Wyo.2004). There are exceptions to the mootness doctrine: when a question presents an issue of great public importance or if the controversy is capable of repetition yet evading review.

*Id.* at ¶¶ 8–9, 102 P.3d at 871; *see also Walker v. Board of County Commissioners of Albany County*, 644 P.2d 772, 774 (Wyo. 1982); and *Board of County Commissioners v. Exxon Mobil Corporation*, 2002 WY 151, ¶ 18, 55 P.3d 714, 720 (Wyo.2002).   We applied both exceptions in *RM* where the issue presented was a reserved constitutional question asking whether a school district was required to provide an education to a lawfully expelled student.   This case does not present any constitutional question for resolution. Furthermore, this matter is moot only because of its proximity to BM's graduation. Similar controversies will not necessarily evade review.   Therefore, we conclude that neither of the exceptions to the mootness doctrine is applicable here.

[¶ 4]   Dismissed.