2017 WY 149

Dale B. LEAVITT, Appellant (Plaintiff),

v.

STATE of Wyoming, EX REL., WYOMING DEPARTMENT OF TRANSPORTATION, Appellee (Defendant).

S-17-0118

Supreme Court of Wyoming.

December 15, 2017

Representing Appellant; R. Michael Vang of R. Michael Vang, P.C., Laramie, Wyoming; Timothy K. Newcomb, Laramie, Wyoming. Argument by Mr. Vang.

Representing Appellee: Peter K. Michael, Wyoming Attorney General; Misha Westby, Deputy Attorney General; Michael T. Kahler, Senior Assistant Attorney General; Samuel S. Voyles, Assistant Attorney General. Argument by Mr. Kahler.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

FOX, Justice.

[¶1] Appellant, Dale B. Leavitt, sought a declaratory judgment that the Wyoming Constitution prohibits a law enforcement officer from using the "deemed consent" provision of Wyo. Stat. Ann. § 31-6-102(a)(i) to perform a warrantless chemical test incident to the lawful arrest of a motorist. The district court dismissed his action for lack of a justiciable controversy. Mr. Leavitt claims that he has presented a justiciable controversy because the declaration he sought would ex-

clude from evidence his breath sample indicating a blood alcohol concentration (BAC) above 0.08% and therefore overturn the suspension of his driver's license. We affirm.

## ISSUE

[¶2] Mr. Leavitt frames the issue as a constitutional question, reworded as: whether article 1, section 4 of the Wyoming Constitution precludes a law enforcement officer from relying on Wyo. Stat. Ann. § 31-6-102(a)(i) to obtain a driver's breath sample without a warrant. However, because we affirm the district court's dismissal of Mr. Leavitt's claim for want of justiciability, the underlying constitutional question is not properly before this Court and we decline to consider it. We discern from Mr. Leavitt's brief the threshold issue, also presented by the State, which we state as: Did Mr. Leavitt's request for a declaration that a law enforcement officer may not rely on Wyo. Stat. Ann. § 31-6-102(a)(i) to "deem" a driver's consent to chemical testing present a justiciable claim?

## FACTS

[¶3] When Officer Aitken of the Jackson Police Department stopped Mr. Leavitt for speeding and crossing over the center yellow line, he smelled alcohol on Mr. Leavitt's breath and asked him to perform field sobriety tests, which Mr. Leavitt failed. As a result, Officer Aitken arrested Mr. Leavitt for driving while under the influence (DWUI) pursuant to Wyo. Stat. Ann. § 31-5-233. He then read Mr. Leavitt the implied consent advisements set out in Wyo. Stat. Ann. § 31-6-102(a)(ii) and asked Mr. Leavitt if he would consent to a breath test to measure his BAC. Mr. Leavitt agreed to take the test and provided a breath sample which indicated his BAC to be 0.17%, in violation of Wyo. Stat. Ann. § 31-5-233(b).

[¶4] The Wyoming Department of Transportation (WYDOT) therefore suspended Mr. Leavitt's driver's license for ninety days pursuant to Wyo. Stat. Ann. § 31-6-102(e).[1]

After a telephonic hearing, the Office of Administrative Hearings (OAH) upheld the suspension, finding that Officer Aitken had lawfully stopped and arrested Mr. Leavitt. In its order, the OAH found that Officer Aitken read the implied consent advisement pursuant to Wyo. Stat. Ann. § 31-6-102(a)(ii), and that Mr. Leavitt "agreed" to submit to the breath test.

[¶5] Mr. Leavitt appealed the OAH decision to the Teton County District Court.[2] While that appeal was pending, Mr. Leavitt filed a "Request that District Court Declare the 'is Deemed to Have Given Consent' to Warrantless Chemical Testing Provision of W.S. § 31-6-102(a)(i) Violates Article 1 §§ 4, 6 and 36 of the Wyoming Constitution" (the Request), thus initiating a separate civil action seeking a declaratory judgment that the Wyoming Constitution prohibits a law enforcement officer from relying on Wyo. Stat. Ann. § 31-6-102(a)(i) to obtain a driver's breath sample without a warrant. In the Request, Mr. Leavitt conceded:

> The OAH concluded that the certified record and audio and video recording of the Plaintiff's detention and DUI arrest also established that Officer Aitken provided the Plaintiff with proper implied consent advisements and determined **the record supported a finding that the Plaintiff *agreed* to provide breath samples** after the implied consent advisements.

(Emphasis added.) Relying on the OAH's finding that Mr. Leavitt agreed to provide the breath sample, the district court concluded that the Request did not present a justiciable controversy and granted WYDOT's motion to dismiss the action. Mr. Leavitt now appeals the district court's dismissal.

## DISCUSSION

 [¶6] We review the threshold question of jurisdiction de novo. *Sandoval v. State*

---

1. Wyo. Stat. Ann. § 31-6-102(e) (LexisNexis 2017) states in part:
 If the test result indicates the person has an alcohol concentration of eight one-hundredths of one percent (0.08%) or more, the peace officer shall submit his signed statement to the department. Based upon the statement the department shall suspend the person's Wyoming driver's license or his privilege to operate a motor vehicle in this state for ninety (90) days.

2. The district court eventually affirmed the OAH decision to suspend Mr. Leavitt's driver's license for ninety days on the basis that it was a lawful stop and arrest.

*ex rel. WYDOT*, 2012 WY 160, ¶ 17, 291 P.3d 290, 295 (Wyo. 2012). In a declaratory judgment action, "we examine the policies underlying both the Uniform Declaratory Judgments Act and the doctrine of justiciability to determine if this is a proper case for judicial action." *Id.* (quoting *Southwestern. Pub. Serv. Co. v. Thunder Basin Coal Co.*, 978 P.2d 1138, 1141 (Wyo. 1999) (internal citations omitted)). When we review the dismissal of a complaint for lack of jurisdiction, "we focus on the allegations contained in the complaint and liberally construe them in the light most favorable to the plaintiff." *William F. West Ranch, LLC v. Tyrrell*, 2009 WY 62, ¶ 9, 206 P.3d 722, 726 (Wyo. 2009) (quoting *Cox v. City of Cheyenne*, 2003 WY 146, ¶ 7, 79 P.3d 500, 504-05 (Wyo. 2003)).

[¶7] To maintain a declaratory judgment action, the challenger must present a justiciable controversy. *The Tavern, LLC v. Town of Alpine*, 2017 WY 56, ¶ 25, 395 P.3d 167, 174 (Wyo. 2017). "Put plainly, a justiciable controversy is a controversy fit for judicial resolution." *Id.* To establish a justiciable controversy pursuant to the Uniform Declaratory Judgments Act, each of the following elements must be satisfied under what is commonly known as the *Brimmer* test:

1. The parties have existing and genuine, as distinguished from theoretical, rights or interests.

2. The controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument evoking a purely political, administrative, philosophical or academic conclusion.

3. It must be a controversy the judicial determination of which will have the force and effect of a final judgment in law or decree in equity upon the rights, status or other legal relationships of one or more of the real parties in interest, or, wanting these qualities to be of such great and overriding public moment as to constitute the legal equivalent of all of them.

4. The proceedings must be genuinely adversary in character and not a mere disputation, but advanced with sufficient militancy to engender a thorough research and analysis of the major issues.

*William F. West Ranch*, 2009 WY 62, ¶ 12, 206 P.3d at 727 (internal citations omitted); *see also Brimmer v. Thomson*, 521 P.2d 574, 578 (Wyo. 1974). However, these requirements can be "relaxed in cases involving matters of great public interest or importance." *Maxfield v. State*, 2013 WY 14, ¶ 20, 294 P.3d 895, 900 (Wyo. 2013); *see also Brimmer*, 521 P.2d at 578.

[¶8] Our analysis begins and ends with the first two *Brimmer* elements, which require a plaintiff to allege that he has "a tangible interest which has been harmed and that a judicial decision in their favor will effectively remedy the harm." *William F. West Ranch*, 2009 WY 62, ¶ 22, 206 P.3d at 730. In the Request, Mr. Leavitt identifies the suspension of his driver's license as his interest in this matter.[3] The loss of driving privileges is a genuine, tangible interest. It also is an existing interest, as the suspension was pending on appeal at the time Mr. Leavitt filed his declaratory action. Thus, Mr. Leavitt's claim satisfies the first element of the *Brimmer* test.

[¶9] To satisfy the second *Brimmer* element, however, a favorable judgment must remedy Mr. Leavitt's harm. The judgment that Mr. Leavitt seeks is a declaration that the Wyoming Constitution bars an officer from using Wyo. Stat. Ann. § 31-6-102(a)(i) to "deem" a driver's consent to warrantless breath testing. Such a declaration would have no effect upon the suspension of Mr. Leavitt's driver's license.

[¶10] Wyo. Stat. Ann. § 31-6-102(a)(i) (LexisNexis 2017) states in pertinent part:

(i) Any person who drives or is in actual physical control of a motor vehicle upon a public street or highway in this state *is deemed to have given consent*, subject to the provisions of this act, to a chemical test or tests of his blood, breath or urine for

---

**3.** Mr. Leavitt argues that his conviction for DWUI under Wyo. Stat. Ann. § 31-5-233(b)(iii), which was obtained by the same breath sample, constitutes an additional interest in this matter. We note, however, that the Request did not refer to the criminal proceeding. Thus, we consider the suspension to be Mr. Leavitt's only interest in this case.

the purpose of determining the alcohol concentration or controlled substance content of his blood. The test or tests shall be:

(A) Incidental to a lawful arrest;

(B) Given as promptly as possible after the arrest;

(C) Administered at the direction of a peace officer who has probable cause to believe the person was driving or in actual physical control of a motor vehicle upon a public street or highway in this state in violation of W.S. 31-5-233(b) or any other law prohibiting driving under the influence as defined by W.S. 31-5-233(a)(v).

(Emphasis added.) Wyo. Stat. Ann. § 31-6-102(a)(ii) sets forth the advisements that a law enforcement officer must give to an arrestee before a chemical test is performed. If, after being so advised, an arrestee refuses chemical testing as provided in subsection (a),

[no test] shall be given except in cases where serious bodily injury or death has resulted or upon issuance of a search warrant. A test of the agency's choice may be administered upon issuance of a warrant, including a remotely communicated search warrant, when reasonable under the circumstances and as provided in this subsection.

Wyo. Stat. Ann. § 31-6-102(d) (LexisNexis 2017). Finally, subsection (e) requires WYDOT to suspend the arrestee's driver's license for ninety days if the chemical test indicates a BAC of 0.08% or higher. Wyo. Stat. Ann. § 31-6-102(e).

[¶11] Declaring that an officer may not rely on the "deemed consent" provision of Wyo. Stat. Ann. § 31-6-102(a)(i) would exclude from evidence breath samples procured by deemed consent. However, the record incontrovertibly shows that Officer Aitken did not deem Mr. Leavitt's consent to breath testing. The OAH reviewed the certified record and audio and video recording of Mr. Leavitt's detention and arrest and found that Officer Aitken read to Mr. Leavitt the advisements of subsection (a)(ii), asked him to submit to a breath test, and Mr. Leavitt "agreed" to take the test. Additionally, "[m]easurement of BAC based on a breath test requires the cooperation of the person being tested." *Birchfield v. North Dakota*, —— U.S. ——, 136 S.Ct. 2160, 2168, 195 L.Ed.2d 560 (2016). A non-consenting arrestee will not blow into a breath testing device. And, as the district court observed, Mr. Leavitt did not refuse to provide the sample, as was his right to do under Wyo. Stat. Ann. § 31-6-102(d).

[¶12] Mr. Leavitt does not dispute that Officer Aitken read him the implied consent advisements and requested him to take the breath test. Instead, he contends that his subsequent consent was not given voluntarily. However, "deemed" consent is not given—it is presumed by the recipient. It requires no act by the consenter and, therefore, it can be neither voluntary nor coerced. Thus, even if Mr. Leavitt's consent was given involuntarily, it still would not be "deemed."

[¶13] In sum, Mr. Leavitt's consent was not deemed and, therefore, a declaration concerning the "deemed consent" provision of Wyo. Stat. Ann. § 31-6-102(a)(i) would have no effect on the admissibility of the breath sample that sustains the suspension of his driver's license. Thus, the second element of the *Brimmer* test is unmet and we need not consider the remaining elements to conclude that Mr. Leavitt has not presented a justiciable controversy.[4] *See The Tavern, LLC*, 2017 WY 56, ¶ 25, 395 P.3d at 174; *Brimmer*, 521

4. Mr. Leavitt also seems to suggest that his claim concerns a matter of great public importance, thus allowing us to relax our justiciability requirements. *Brimmer*, 521 P.2d at 578. However, Mr. Leavitt's single conclusory statement ("Wyoming law requires law enforcement to rely upon Wyoming Statute § 31-6-102(a)(i) to demand warrantless biological samples for chemical testing in all DUI and implied consent cases.") fails to advance a cogent argument for its application, and, without one, we are unable to apprehend how his controversy would warrant such treat-

ment. We therefore decline to consider the argument. *The Tavern, LLC*, 2017 WY 56, ¶ 41, 395 P.3d at 178 ("We consistently have refused to consider arguments not supported by cogent argument ....") (citations omitted). Additionally, we reject Mr. Leavitt's related assertion that his case presents a controversy that is "capable of repetition yet evading review"—an exception to the mootness doctrine. *See, e.g., Bd. of Trustees of Fremont Cty. Sch. Dist. No. 25 v. BM*, 2006 WY 23, ¶ 3, 129 P.3d 317, 319 (Wyo. 2006). Mootness was not the basis for the dismissal of this case.

P.2d at 578. Without a judiciable controversy, the district court lacked the jurisdiction to consider Mr. Leavitt's request for declaratory relief. Therefore, the district court properly dismissed the claim.

[¶14] Affirmed.